SAMUEL J. GRUVER & another, executors, *vs.* SAMUEL
N. WOOD.

Plymouth.   October 23, 1899. — November 28, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Ante-nuptial Agreement — Will — Residuary Clause — Widow as Beneficiary.*

A man entered into an ante-nuptial agreement with a woman whereby he was to
give her $3,000 and to provide for the same by will, provided she would release
her rights of dower and all rights in and to his personal property. Two days
thereafter they were married, and a few weeks later he died, having made a
will, in which he gave his wife $3,000 " to be in lieu of dower and of any right
which she might have in my personal estate as widow," and gave many lega-
cies, mostly pecuniary, and then gave the residue "to the several beneficiaries
under this will, except to N., share and share alike," and three other legatees.
The widow was not one of those excepted. *Held*, that she was a beneficiary
under the residuary clause.

APPEAL, by a legatee under the will of Cephas Soule, from
a decree of the Probate Court ordering that the widow receive
her proportion of the residue under the last clause of the will.
Hearing before *Holmes*, C. J., who, at the request of the appel-
lant, reported the case for the consideration of the full court in
substance as follows.

On June 25, 1894, Cephas Soule, then a man seventy-five
years old, entered into an ante-nuptial agreement whereby he
was to give the appellee, the widow, $3,000, and to provide for
the same in his will about to be made, provided that the appel-
lee would release her rights of dower and all rights in and to
his personal property. On June 27, 1894, the testator married
the appellee, and in a few weeks thereafter he was taken sick
and died, the will in question being made during this illness.

The testator gave by the first clause of his will certain real
estate to Nellie C. Dunbar; by the second clause, " to my wife,
Sarah Soule, the sum of three thousand dollars, the same to be
in lieu of dower and of any right which she might have in my
personal estate as widow;" by the third and fourth clauses cer-
tain sums to the towns of Plympton and of Middleborough, and
to the Brockton Savings Bank for the care of lots in certain ceme-

teries; and by the fifth to the seventeenth clauses inclusive pecuniary legacies to various legatees, including a legacy to his nephew, Samuel N. Wood. The provisions of the eighteenth and nineteenth clauses need not be mentioned. The twentieth clause was as follows: " All the rest, residue, and remainder of my estate, real, personal or mixed, to the several beneficiaries under this will, except to Nellie C. Dunbar, share and share alike, and also except to the towns of Middleborough and Plympton and to the Brockton Savings Bank."

The appellant contended that the widow took nothing under the residuary clause. The Chief Justice ruled that the widow was entitled to a share of the residue, and ordered the decree of the Probate Court to be affirmed.

*I. B. Keith & M. Wilbur,* for the appellant.

*W. A. Reed,* for the executors.

HAMMOND, J. The only question is whether the widow is a "beneficiary under this will" within the meaning of the residuary clause. We think she is. It is true the legacy to her in the second item is given apparently in pursuance of the ante-nuptial contract and in lieu of dower and of any other right she as widow might have in the personal estate of the testator, and that therefore in case of a deficiency of assets she would not be regarded as a "mere" or "pure beneficiary," but would be entitled to a preference. *Pollard* v. *Pollard,* 1 Allen, 490. *Towle* v. *Swasey,* 106 Mass. 100. Yet she receives something under the will, and in the natural and ordinary sense is a beneficiary, and we think the term was used by the testator in this sense. Moreover, certain legatees named in the preceding clauses of the will are specifically excluded from a share in the property to be distributed under the residuary clause; and it seems more reasonable to suppose that if the testator, who was thus trying to designate what particular legatees should be included within this clause, intended that his wife should be among those excluded, he would have expressly named her among them rather than that he would have left such intention to be inferred from some distinction between a legatee who had claims upon him and one who had not.

*Decree affirmed.*