## WARNER v. WALSH, Collector of Internal Revenue.

(Circuit Court of Appeals, Second Circuit. November 8, 1926.)

No. 65.

Internal revenue ⊜⇒7(8)—Widow's annuity under deceased husband's will, in lieu of statutory rights in estate held exempt from taxation until annuities equal value of dower rights (Revenue Act 1916, § 4, as amended by Revenue Act 1917, § 1200 [Comp. St. § 6336d]; Revenue Act 1918, § 213b [3], being Comp. St. § 6336⅛ff).

Widow's annuity, secured by principal and interest of trust fund, created by deceased husband's will in lieu of statutory rights in estate, held exempt from taxation under Revenue Act 1916, § 4, as amended by Revenue Act 1917, § 1200 (Comp. St. § 6336d), and Revenue Act 1918, § 213b (3), being Comp. St. § 6336⅛ff, until annuities equal purchase price, consisting of value of dower rights.

In Error to the District Court of the United States for the District of Connecticut.

Action by Eva F. Warner against James

J. Walsh, Collector of Internal Revenue. Judgment dismissing the complaint (10 F. [2d] 155), and plaintiff brings error. Reversed and remanded.

Marsh, Stoddard & Day, of Bridgeport, Conn. (Paul Armitage and Edward Holloway, both of New York City, of counsel), for plaintiff in error.

John Buckley, U. S. Atty., and John A. Danaher, Asst. U. S. Atty., both of Hartford, Conn. (A. W. Gregg, Gen. Counsel, Bureau of Internal Revenue, and T. H. Lewis, Jr., Sp. Atty., Internal Revenue, both of Washington, D. C., of counsel), for defendant in error.

Ver Planck, Prince, Burlingame & Lightner, of New York City (John L. Kennedy, of Omaha, Neb., Albert L. Hopkins and J. C. Halls, both of Chicago, Ill., and Edward Holloway, of New York City, of counsel), amicus curiæ.

Before HOUGH, MANTON, and MACK, Circuit Judges.

MACK, Circuit Judge. Under the will of plaintiff's deceased husband, a large and ample trust fund was created, out of the income, and, if necessary, out of the principal, of which plaintiff was to receive $50,000 a year for life. This provision was expressly made in lieu of her statutory rights in the estate under the laws of Connecticut and was so accepted by her. She personally was compelled to pay federal income tax on the $50,000 for each of the years 1917 and 1918. Her claims for refund were rejected. A demurrer to her complaint, seeking recovery of the taxes so paid, was sustained, and the complaint dismissed, on the authority of Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 475, 69 L. Ed. 897.

The conditions in the two cases are not, however, as the District Judge stated, identical; on the contrary, in the Gavit Case there was absent the vital element, present here, of a very valuable consideration for the so-called bequest, the widow's relinquishment of her statutory rights. There the sole question was whether income, payable to a son-in-law quarter-annually for life, but not exceeding a number of years, out of a trust fund created by the will, was property acquired by bequest or income within the meaning of the revenue acts; here the question is whether an annuity, payable first out of income, but, if necessary, out of principal, of a similar trust fund, but acquired solely in lieu of, and in consideration for, the relinquishment of valuable statutory rights in the estate, is income, bequest, or annuity. If it be a bequest, it would be exempt under Revenue Act 1916, § 4 (39 Stat. 758), as amended by Revenue Act of 1917, § 1200 (40 Stat. 329 [Comp. St. § 6336d]) and Revenue Act 1918, § 213b (3), being 40 Stat. 1065 (Comp. St. § 6336⅛ff, if a purchased annuity, it is not taxable until its cost has been returned. Revenue Act 1916, § 4; Revenue Act 1918, § 215b (2).

We need not consider whether it is a bequest; furthermore, we need not consider whether or not, because of the death of plaintiff's husband before March 1, 1913—a fact conceded in argument, though not apparent from the pleadings—or because the amount payable annually is fixed, or because it is also payable out of principal, if necessary (Beatty v. Heiner [D. C.] 10 F.[2d] 390), the Gavit Case is distinguishable. For what we have here is, in fact and in legal effect, the purchase of an annuity, in no way differing from an annuity purchasable by the widow from an insurance company, with the proceeds of her statutory rights in the estate, except only that in such a purchase she would have an unsecured obligation, whereas here the obligation is secured by the income and principal of the trust fund. That such a relinquishment of dower rights is a purchase of the will provision is well and long established. Burridge v. Beabyl, 1 Pere Wms. 127 (1710); Isenhart v. Brown, 1 Edw. Ch. (N. Y.) 413 (1832); Requa v. Graham, 187 Ill. 67, 58 N. E. 357, 52 L. R. A. 641 (1900). That a purchased annuity, even if income, is exempt as and to the extent that it is a return of premiums paid therefor; that is, until the purchase price shall have been returned, is determined by the express provisions of the acts above cited, as construed by the Bureau of Internal Revenue. I. T. 1484; Int. Rev. Cum. Bull. I-2, 1922, p. 66. Concededly, the annuities including those of 1917 and 1918 did not equal the purchase price, the value at her husband's death of the widow's statutory rights.

Reversed and remanded.