•Campbell, Ghief Justice,
delivered the opinion of the court:
The facts are undisputed. It appears from them that Alfred F. Moore, who died in September, 1912, left a will by which he devised and bequeathed the residue of his estate to the executors and trustees, in trust, to invest and safely keep it and “ to pay the entire net income, interest, rents, issues, dividends, and profits arising therefrom ” to the wife of the testator “ for and during the full term of her natural life.”
After her death certain other persons were to have the income for life and ultimately the corpus was to go to the Moore School of Electrical Engineering. In accordance with the terms of the will there was paid to Mrs. Moore by the executors “the entire net income, interest, rents, issues, *578 dividends, and profits arising from the said trust” during each year from the testator’s death in 1912 until January, 1923, when she died, nothing being paid her in 1912. On the amounts so paid her during the several years 1913, 1914, 1915,1916, and 1917 she paid the Federal income tax, having included these amounts in her tax returns for these years. But she or the plaintiff as her executor applied to the Commissioner of Internal Revenue for a refund of the tax paid m each case “ on the ground that the alleged income on which that portion of the tax was computed and imposed was itself a bequest to her under the will of Alfred F. Moore and was accordingly under the law and regulations exempt from tax.”
The commissioner having denied the application for a refund, the plaintiff brings suit in the Court of Claims and renews here the contention that the payments by the executors of the husband’s will to Mrs. Moore were themselves the payments of bequests and as such were not taxable under the acts of October 3, 1913, 38 Stat. 167, and of September 8, 1916, 39 Stat. 758, which in terms impose a tax on “ gains or profits and income derived from any source whatever, including the income from, but not the value of, property, acquired by gift, bequest, devise or descent.”
It is not questioned that the statute does not exempt the income from property received by devise or bequest. If the bequest had been to her of the residuary estate for life it could not be contended that the income arising from it would not be subject to income tax. Does the circumstance of the intervention of executors or trustees to hold and administer the trust so change the situation that. the same ‘•income” is not taxable? We do not think Congress so intended. The questions raised are settled by the case of Irwin v. Gavit, 268 U. S. 161, which is not distinguishable from the present case. A contention similar to that made by plaintiff was urged in the Drexel case, 61 C. Cls. 216. A writ of certiorari was denied in that case by the Supreme Court in April, 1926.
The petition should be dismissed. And it is so ordered.
Moss, Judge; Gkai-iam, Judge; Hat, Judge; and Booth, Judge, concur.