### ATKINS et al. v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 2753.

Circuit Court of Appeals, First Circuit.

Jan. 31, 1933.

Edward C. Thayer, of Boston, Mass. (Gaston, Snow, Saltonstall & Hunt and Earle W. Carr, all of Boston, Mass., on the brief), for petitioners.

J. Louis Monarch, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Carlton Fox, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Maxwell M. Mahany, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for Commissioner of Internal Revenue.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is a petition to revise a decision of the Board of Tax Appeals refusing to allow a certain payment of $16,455.31, made by trustees, to be deducted in ascertaining the net income of the trust for the purpose of taxation for the year 1927, under the provisions of section 219 (a) (2), (b) (2), of the Revenue Act of 1926, 44 Stat. 32 (see 26 USCA § 960 note).

The facts are: That Edward F. Atkins, a resident of Massachusetts, died testate May 20, 1926, leaving a son, a daughter, and his widow surviving him; that by his will, after giving, in article 1, to his wife all his real estate in Belmont, Mass., together with all the furniture and furnishings, pictures, automobiles, equipment, and personal property of like character in or pertaining to said real estate, by article 2 he left $400,000 to the petitioners as trustees with direction to pay over the entire income therefrom to his wife during her natural life, with gifts over of the corpus upon her death, and further provided that the provisions made in articles 1 and 2 for the benefit of his wife were made "in lieu of her right of dower and all other legal rights to my estate"; that in the calendar year 1927 the trust had a net income in the amount of $16,824.32, of which the sum of $16,455.31 was to be distributed currently by the trustees to Mrs. Atkins; that, under the Massachusetts statutes, a widow could elect to take one-third of the decedent's estate, both real and personal, or to take under the will; that Mrs. Atkins elected to take under the will; that the property received by her under the will and the amounts distributable and distributed to her under the trust created by the will up to and including the year 1927 did not equal the value of the estate to which she would have been entitled had she not elected to take under the will; and that the petitioners in 1927 did not return for taxation the

amount of $16,455.31 which was to be distributed that year to Mrs. Atkins, as they believed it not to be taxable to them as trustees.

The Commissioner did not regard this sum as an allowable deduction to the petitioners and assessed a deficiency tax thereon. The Board of Tax Appeals approved the action of the Commissioner, and it is from that decision that this appeal is taken.

In their assignments of error the petitioners question the action of the Board of Tax Appeals in refusing to allow the $16,455.31 as a deduction in ascertaining their net taxable income for the year 1927, under section 219 of the Revenue Act of 1926. In that section it is provided:

Sec. 219. "The tax imposed by Parts I and II of this chapter shall apply to the income of estates * * * held in trust, including— * * ··

"(2) Income which is to be distributed currently by the fiduciary to the beneficiaries. * * *

"(b) * * * The tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 953 [212] of this title, except that— * * *

"(2) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is to be distributed currently by the fiduciary to the beneficiaries, * * * but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. * * * "

The petitioners contend that the distribution of the sum in question in 1927 to Mrs. Atkins was a distribution of the income of the trust to a beneficiary, and was allowable as a deduction in computing the net income of the trust within the language or words employed in section 219 (b) (2) of the act.

The government, on the other hand, contends that, inasmuch as under the statutes of Massachusetts the widow could have elected to take one-third of the testator's estate, both real and personal, but instead of so doing elected to take under the will, and as the property received by her under the will and the amounts distributed to her under the trust created by the will did not equal the value of her dower and statutory rights which she relinquished, she became or was a purchaser for value of the $16,455.31 distributed to her; that the $16,455.31 paid to her by the trustees cannot be regarded as distributions of income until after she has received payments equal to the value of the property rights which she relinquished in her husband's estate.

We think it is apparent from a reading of the provisions of section 219 (a) (2), (b) (2), that Congress did not intend the net income of a trust should escape taxation either in the hands of trustees or in the hands of the beneficiary; that, to the extent that the net income was to be distributed currently to beneficiaries, it was to be taxed to the beneficiaries and a deduction allowed to the trustees in computing their net taxable income, but that, to the extent that distributions were not made to a beneficiary but to a purchaser for value, such distributions were not to be deducted in computing the net taxable income of the trust.

In United States v. Bolster, 26 F.(2d) 760, 59 A. L. R. 491, this court had before it for consideration the same provisions of law in the Revenue Acts of 1918 and 1921. In that case we pointed out that, under the statute of Massachusetts relating to waiver of a widow's dower and statutory rights in the estate of her husband, the courts of Massachusetts, in construing those provisions of law, had held that the widow was a purchaser for value; and applying that construction to the case then under consideration, we held that she was not only a purchaser for value and not a beneficiary but that the sum received by her in return for her dower and statutory rights was a return of capital and not taxable to her as income. The Circuit Court of Appeals in the Eighth Circuit reached a like conclusion in Allen v. Brandeis, 29 F.(2d) 363.

As it is determined by these decisions that, under the circumstances here presented, Mrs. Atkins was not a beneficiary within the meaning of the taxing statute and that what she received in the year 1927 was not in the capacity of a beneficiary, but of a purchaser for value, the petitioners, the trustees, were not entitled under section 219 (b) (2) to have the payments made to her that year deducted in ascertaining the net taxable income.

The decision of the Board of Tax Appeals is affirmed.