**BUTTERWORTH et al. v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 4902.**

Circuit Court of Appeals, Third Circuit.

March 3, 1933.

THOMPSON, Circuit Judge, dissenting.

Charles Myers and Barnes, Biddle & Myers, all of Philadelphia, Pa., for petitioners.

G. A. Youngquist, Asst. Atty. Gen., and Carlton Fox and J. Louis Monarch, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and

Maxwell M. Mahany, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

William B. Butterworth, a resident of Pennsylvania, died in 1921. By his will he bequeathed certain property to his wife absolutely and gave the residue of his estate to the petitioners, as trustees, to pay "the net income arising therefrom" unto his wife for life, with remainders over. His wife elected to take under the will in lieu of the interest in her husband's estate which the law of Pennsylvania gave her. For several years the trustees paid her amounts which, in the aggregate, did not exceed the value of the interest in the estate to which, but for her election, she would have been entitled under the law. In filing income tax returns for the years 1924 and 1925, the trustees, when "computing the net income of the estate or trust," deducted from gross income the part which they had distributed to the widow during those years, pursuant to terms of the applicable Revenue Acts as there stated and then understood. The Commissioner of Internal Revenue disallowed the deductions and, accordingly, assessed deficiency taxes against the trustees, whereupon they appealed to the United States Board of Tax Appeals. The Board sustained the Commissioner. The trustees are here by petition asking this court to review and annul the Board's action.

The controversy before the tax tribunals and now before this court is the result of decisions by the Circuit Courts of Appeals for the First, Second and Eighth Circuits in Warner v. Walsh, 15 F.(2d) 367, United States v. Bolster, 26 F.(2d) 760, 59 A. L. R. 491 and Allen v. Brandeis, 29 F.(2d) 363, wherein those courts held, in one form or another, that when a widow relinquishes her statutory rights in her husband's estate by electing to take in lieu thereof provisions made for her in his will, she takes as purchaser for a valuable consideration as though she had bought an annuity (People ex rel. Kight v. Lynch, 255 N. Y. 323, 174 N. E. 696, contra), and money from the trust, earned as income, afterwards received by her under the will constitutes a return of her capital and therefore is not taxable, Eisner v. Macomber, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570, until the payments she has received shall have equalled the value of her surrendered statutory rights. The Commissioner of Internal Revenue, re-

alizing the effect of these decisions on taxation, revised the practice of the department by Rule I. T. 2506. In an effort to close the breach thus made in the collection of taxes, the Board of Tax Appeals, going a step beyond the decisions and deciding a question—the right of a fiduciary in computing net income of a trust to deduct the amount distributed to the widow—with which those courts were not confronted, sustained the Commissioner, holding that the widow, in case of election, became a purchaser, not in the sense in which the law distinguishes a taking by purchase from a taking by inheritance but a purchase by contract; that she purchased with her capital (her surrendered statutory rights) and what she received from the trust was capital returned; that, being a purchaser, she was not a beneficiary under the trust, that is, not a "pure beneficiary"; and that, in consequence, the fiduciary could not deduct for the distribution to her under the statutes which allowed a deduction only of distributions to "beneficiaries."

The practical effect of the Board's decision, if it stands, is to impose an unexpected tax burden upon the trust or upon other beneficiaries and, oddly enough, upon the widow herself. If it does not stand, the government will lose taxes; those which are not paid by the widow under the decisions and those which, because of deduction of income distributed, are not paid by the trust. The legal effect of the Board's decision on this case is reflected in the three questions of law submitted:

(1) Whether or not payments made by trustees to the widow under a will in case of her election represent a return of capital?

(2) If capital, is it deductible by the fiduciary in computing net income of the trust?

(3) Though under the decisions the widow is, on election, a purchaser of the provisions made for her benefit in her husband's will, is she still a "beneficiary" within the terms of the Revenue Acts which permit a fiduciary "in computing net income of the estate or trust" to deduct the amount of income it has "distributed currently * * * to the beneficiaries"?

To these submitted questions we add one of our own: Whether the cited decisions, which, as we read them, extend and are limited to a finding that income of a trust in the hands of a widow after election is not taxable, affect the meaning of the Revenue Acts which the Congress had previously passed in respect to deductions allowed the fiduciary in distributing income to beneficiaries?

The pertinent provisions of the Revenue Acts, section 219 (a) (2), (b) (2) (43 Stat. 253; 44 Stat. 9 [26 USCA § 960 note]), whether of 1924 or 1926 which were identical in number and terms, and are now superseded by other acts, clearly provided several things in regard to the imposition and computation of taxes on trust estates: (1) That the tax shall be upon income; (2) that it be upon income either accumulated in trust for future purposes or upon income which has been or is to be distributed currently by the fiduciary to beneficiaries; (3) that it be computed upon net income of the trust; (4) that it be computed in the manner provided in section 212; (5) that, as an exception to the last provision, in computing net income for a taxable year there shall be allowed the fiduciary, as an additional deduction, "the amount of income of the * * * trust * * * which is to be distributed currently by the fiduciary to the beneficiaries"; and (6) that the "amount so allowed (the fiduciary) as a deduction shall be included by the beneficiaries in computing their taxable net income whether distributed or not."

In a word, the statutes intended that the trustees shall show in their returns distribution of income to beneficiaries; that they may then deduct the same; and thereafter the beneficiaries shall pay the taxes on the amounts which they severally have received.

It should be noted that the first question submitted to us—whether payments to the widow, after election, of income from a trust constitutes a return of capital and therefore is not taxable—is the same question submitted to and decided by the three Circuit Courts of Appeals. An altogether different question before this court—one to which the widow, now exempt, is not a party—is whether the fiduciaries of the trust in returning income may deduct what they had distributed to the widow as a beneficiary and thus avoid taxes against themselves for that amount? As the first question is not before this court, we shall, of course, not pass upon it. The second submitted question is stated as a corollary of the first. We shall not discuss it—except casually in connection with another phase of the case. We shall, however, assume without deciding that the way in which the Circuit Courts of Appeals decided the question before them was right. We shall also assume that those courts, not having before them the question which is before this court, did not rule on that question. It follows that the three cited decisions do not rule this case either on facts or in law and are present only because of the trouble they have made

in the collection of taxes and are pertinent only as the trend of their reasoning may, logically, influence an interpretation of the provision of the Revenue Acts in respect to deductions by fiduciaries in making the tax returns now under review.

On accepting for purposes of discussion the reasoning of the Circuit Courts of Appeals to the effect that a widow, on election, becomes a purchaser for a valuable consideration and income afterwards received by her from the trust is capital returned, the word "capital"—the critical word in exempting the widow from taxation—is the only impediment to a literal interpretation of the plain words of the acts which allowed a deduction in such case. In connection with the phrase "capital returned" there is an intimation in the cases and a finding by the Board of Tax Appeals that the widow is a purchaser by reason of contract. All this may be sound law appropriately applied to the question before the Circuit Courts of Appeals. There we shall let it stand. But when the law of those cases is transposed into the altogether different question in this case, it encounters, we think, certain legally impassable barriers.

Turning to the statutes and looking upon their provisions with respect to taxation of trusts, they deal with income not of widows but of trusts and with distribution and computation of income by trustees for tax purposes. Indubitably, the thing the trustees here received from the estate was income. With equal certainty the thing they distributed to the widow was the same income they had received. They were without power to distribute anything else. No alteration in her status from a named beneficiary to a purchaser can change that fact. Income remains income regardless of a question whether it is taxable in a particular case. Moreover, what the widow elected to take under the will was income. That was the only thing the settlor provided for her. Failing income earned, she would take nothing. The government does not go so far as to contend that, income failing, the trustees could return her capital by extracting it from the principal of the trust. Further, however the words "purchaser" and "capital" should be used, it is manifest the widow was not a purchaser by contract. As widow she had two rights in respect to her husband's property: One which the state law gave her; the other which the will gave her. She might assert one or the other. This involved her election. Without making a contract with the trustees, who, of course, were powerless to make a contract disposing of their decedent's prop-

erty, and wholly apart from the idea of mutual consent, the essence of a contract, she could, without anybody's consent, on her own election take under the law or under the will. If she takes by purchase in the sense of the law of acquisition as distinguished from the law of inheritance, she then takes under the will and is entitled to receive what the will provides for her. Whatever it may be in her hands for purposes of taxation, it is at all times income in the hands of the trustees. That being so, the trustees must account for that income to the government for purposes of taxation. This they did by making returns which conformed literally with existing law, yet showed no tax liability on their part. The government says, in effect, in such case some one must pay the tax; now that the widow is free, the trustees (by disallowing the deduction) must pay, even if the tax is to be paid out of income payable to other beneficiaries and otherwise payable to the widow herself, or at the expense of remaindermen. The infirmity in this argument is that taxation is not imposed by reasoning or by an exigency but by statute and only those named in the statute must pay a tax. If in naming taxables it should, as here, later be found that the Congress (for whatever reason) omitted a class available for taxation, that is a misfortune of the government which cannot be cured by a court reading into a statute something which is not there, or giving its words a meaning different from their known and ordinary signification, Old Colony R. Co. v. Commissioner, 284 U. S. 552, 560, 52 S. Ct. 211, 76 L. E. 484; Heiner v. Beatty (C. C. A.) 17 F.(2d) 743; Id., 276 U. S. 598, 48 S. Ct. 319, 72 L. Ed. 723; Woolford Realty Co. v. Rose, 286 U. S. 319, 52 S. Ct. 568, 76 L. Ed. 1128; and different from the way they were understood by tax officials and taxpayers and by them acted upon until the decisions by the Circuit Courts of Appeals. Assuming that these decisions declared what had been the law all along, and assuming also that, before the decisions, the Congress knew the law, it is pertinent to note that, in enacting the statutes, it made no exception in the generality of the provision taxing beneficiaries on income distributed under a trust, and no recognition that a changed status of a person named in the will from beneficiary to purchaser altered or changed the allowance of the deduction by the fiduciary of income so distributed. It said the fiduciary may deduct; not that he may deduct if or provided the income so deducted is taxable to the recipient. It distinctly did not say that he may not deduct if the income is not taxable to the recipient. In other words, the right of deduction which the Congress gave a trustee was not conditioned upon the taxability of the beneficiaries. The grant, by its terms, was absolute. Or, we may assume for purposes of discussion, and with entire respect, that the Congress did not know the law of the three cited cases until the Circuit Court of Appeals declared it. In that event the Congress made no provision for such a situation. It follows that in either case, knowing the law or not knowing the law, the Congress declared the way in which income from a trust estate should be computed and gave, without excepting the situation in this case and without any like limitation, a right to a fiduciary to deduct distributed income from gross income in making income tax returns, and provided, accordingly, who should pay the tax. As that right was conferred upon a trustee by words of the statute which, standing apart from the three cited decisions, are so plain as not to admit of construction, we hesitate to withdraw the right by giving the words of the Congress a meaning different from what its words import merely because the government will, unless this is done, lose revenue from a source of which it has not availed itself.

Construed literally and as not affected by the cited decisions of the Circuit Courts of Appeals, the provisions of the acts which allow a fiduciary a deduction for "income" "distributed * * * to beneficiaries," there remains the question whether the widow (a purchaser under the cases) is a beneficiary under the will. Unless the word "purchaser" has a legal meaning that excludes all other possible relations to the trust, we can conceive that, though acquiring her interest by purchase, she holds as a beneficiary. There is, undoubtedly, a trust. The trust provides benefits for several persons, among them the widow, should she choose to accept them. She chose. The method of her choosing (by purchase, we shall say) did not alter the status she attained by the choice. She receives benefits from the trust and, receiving benefits, she is a beneficiary and is none the less so because she may have given a valuable consideration in acquiring that status.

Section 219 of the Revenue Act deals generally with beneficiaries, not only in subdivision b (2), the one directly in question, but in subdivisions g and h. Of the word thus generally used, the Treasury Department, by Regulaton 65, article 347, announced its own definition:

"The term 'beneficiary' as used in this article includes any person entitled to an in-

terest in the income or the principal of a trust. * * *"

It is admitted that the widow had an interest in the trust. It is to be assumed that the Congress in framing the section used the word "beneficiary" in the same sense in all cases. Pampanga Sugar Mills v. Trinidad, 279 U. S. 211, 218, 49 S. Ct. 308, 73 L. Ed. 665.

As the widow, admittedly, has an interest in the trust, it must be an equitable interest. Her rights are those of a beneficiary measured by the trust provisions in the will made for her benefit. They speak in terms of income. She has an equitable life estate in the trust and a right to its income for life. That she elected the will instead of statutory rights cannot change the nature of the estate given to her by the will, or change her position as a cestui que trust. She is the object of the testator's bounty, involving benefits greater (she must have thought) than her statutory interest in her husband's estate, else she would not have elected to take them. Having so elected, she has taken the benefits the will provides, which is another way of saying she is a beneficiary under the will. Gruver v. Wood, 174 Mass. 540, 55 N. E. 315.

The judgment of the Board of Tax Appeals is reversed.

THOMPSON, Circuit Judge, dissenting.