## FIDELITY–PHILADELPHIA TRUST CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4964.

Circuit Court of Appeals, Third Circuit.
March 4, 1933.

THOMPSON, Circuit Judge, dissenting.

---

Robert T. McCracken and Ulric J. Mengert, both of Philadelphia, Pa., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., J. Lewis Monarch and Carlton Fox, Sp. Assts. to the Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of

Washington, D. C., Maxwell M. Mahany, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for respondent.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

William L. Du Bois, a resident of Pennsylvania, died in 1918. By his will he bequeathed the bulk of his estate in trust to predecessors of the petitioner, now the sole trustee, and provided that they should collect the income and pay annually the sum of $4,000 to his son until the death of his mother, and pay the balance to his (the testator's) wife for life, and on her death to pay two-thirds of the income to his said son for life, and thereafter distribute two-thirds of the principal of the estate as the son should appoint, or, failing appointment and issue, to named charities; and as to the remaining one-third of the estate, to pay the income to his granddaughter for life, with remainders over to her issue or, issue failing, to named charities.

The testator's wife elected to take under the will in lieu of the interest in her husband's estate which the law of Pennsylvania gave her.

During 1926 and 1927, the tax years in question, the trustee made payments of income to the widow in amounts which, together with payments made in other years, were not equal to the value of her statutory interest in her husband's estate, had she elected to take against the will. In 1924, the testator's granddaughter died while a minor and without issue. His wife died in 1927.

In computing taxable net income in its returns for the stated tax years, the trustee deducted the income it had distributed to the widow under what it conceived to be authority conferred by section 219 of the Revenue Act of 1926 (44 Stat. 9, 32 [26 USCA § 960 note]). The Commissioner of Internal Revenue, being influenced by the decisions in Warner v. Walsh (C. C. A.) 15 F.(2d) 367, United States v. Bolster, 26 F.(2d) 760, 59 A. L. R. 491, and Allen v. Brandeis (C. C. A.) 29 F.(2d) 363, disallowed the deductions and assessed deficiency taxes against the trustee. On appeal the United States Board of Tax Appeals sustained the Commissioner on authority of its decision in Julia Butterworth et al., Trustees, 23 B. T. A. 839. The case is in this court on the trustee's petition to review the action of the Board.

Two questions were decided by the Board and the same questions are submitted here.

The first—the right of a trustee, under the statute, in computing taxable income, to deduct income distributed, after her election, to a widow as beneficiary—is the question which was submitted and decided in different ways by the Board and by this court in Butterworth v. Commissioner, 63 F.(2d) 944. The other arises out of provisions in the Du Bois will for limitations over to charities, and in substance is, whether the Commissioner erred in disallowing the trustee's deductions in amounts at least equal to one-third of the income of the trust paid to the widow, in view of the provision that one-third of the corpus of the estate should, after the death of both his wife and granddaughter, be paid to named charities. The Board sustained the Commissioner's disallowance of deductions on both points, the practical effect of which was to place in some measure a tax burden upon the widow, who was exempt under the cited decisions, and upon remaindermen, in this case charities, which otherwise are exempt under the law.

Our decision on the first question will make consideration of the second unnecessary. We hold that the decision in Butterworth et al. v. Commissioner, 63 F.(2d) 944, rules the instant case and, accordingly, calls for a reversal of the judgments of the Board of Tax Appeals in the two appeals there consolidated and heard together.

THOMPSON, Circuit Judge, dissenting.