### WARNER v. COMMISSIONER OF INTERNAL REVENUE.
#### No. 341.

Circuit Court of Appeals, Second Circuit.
July 17, 1933.

White & Case, of New York City (Russell D. Morrill, Lyndon Arnold, and A. C. Newlin, all of New York City, of counsel), for petitioner.

Sewall Key, J. Louis Monarch, and Morton K. Rothschild, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Harold Allen, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The parties to this proceeding stipulated that the controversy should be submitted to the Board of Tax Appeals on the pleadings. Subsequently an additional stipulation of facts was filed. According to these stipulations, it appears that the petitioner is the widow of I. De Ver Warner, who died a resident of Bridgeport, Conn., on January 11, 1913, leaving a will and codicils thereto, which, as duly probated, are attached to the petition in the present case. The provisions of the will pertinent to this controversy are as follows:

"Fifth: I give and bequeath to my Trustees named in this will Fifteen hundred (1500) shares of the capital stock of the Bridgeport Hydraulic Company, Five Hundred (500) shares of the capital stock of the New York, New Haven and Hartford Railroad Company, Five hundred (500) shares of the capital stock of The Warner Brothers Company, Two hundred thousand dollars ($200,000) par value of first mortgage bonds bearing interest at a rate not less than four per cent. per annum, in trust, nevertheless, to hold, invest and reinvest in safe and conservative investments, and from the dividends, interest income and increase thereof to pay over to my wife during the term of her natural life, annually, in quarterly payments, the sum and amount of Twenty-five thousand (25,000) dollars. * * *

"If I should not own at my decease the amount and description of bonds and stocks in this item specified, I direct my Executors to procure the same, or other safe and conservative investments of such character and amount as in their judgment will most likely produce a reliable income for the regular payment of the annuity to my wife herein provided for, by the sale of such portions and items of my estate as they shall deem most judicious, to the end that the same may be held and devoted to the purposes specified in this item.

"The provisions made in this will for my wife shall be in lieu of her statutory share in my estate. * * *

"Ninth: It is my will that the annuity provided for my wife in the Fifth item of this will shall be paid to her out of the income of the trust property held for that purpose if it be sufficient, but, if insufficient, then I hereby direct and authorize my Trustees to take from the principal of said trust fund a sufficient sum to make up the deficiency so that, at all events, and every year, my said wife shall receive the full sum and amount of Twenty-five thousand (25,000) dollars."

Subsequent codicils increased the amount of the annuity to $50,000, but the provisions for its payment were otherwise unchanged. Upon the death of the testator, the petitioner elected to accept the provisions for her benefit under the will in lieu of exercising her right of dower under the law of Connecticut, and she has received an annuity payment of $37,500 for the year 1913, and payments of $50,000 since that time. In reporting her federal income tax for the years 1927 and 1928, the petitioner did not include any amount on account of the annuity payments received in those years. The respondent, in computing the alleged deficiencies for the years 1927 and 1928 included the annuity payments, properly divided between dividends and other income, and accordingly determined deficiencies of $4,740.69 and $4,339.53 for those years respectively. The inclusion of the annuity payments in computing the petitioner's gross income is the basis of the present controversy.

Section 213 of the Revenue Act of 1926 (26 U. S. C. § 954 [26 USCA § 954]) and section 22 of the Revenue Act of 1928 (26 U. S. C. § 2022 [26 USCA § 2022]), are the statutory provisions governing computation of gross income for the years in question. The former act provides in part that:

"(b) The term 'gross income' does not include the following items, which shall be exempt from taxation under this title: * * *

"(2) Amounts received (other than amounts paid by reason of the death of the insured and interest payments on such amounts) under a life insurance, endowment, or annuity contract, but if such amounts (when added to amounts received before the taxable year under such contract) exceed the aggregate premiums or consideration paid

(whether or not paid during the taxable year) then the excess shall be included in gross income. * * *

"(3) The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income). * * * *"

The corresponding provisions of the act of 1928 are not materially different. The taxpayer contends that the annuity payments constituted property acquired by bequest, and therefore should not have been included in computing the gross income.

In Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 475, 69 L. Ed. 897, the dispute arose under a will whereby the testator left the residue of his estate in trust to be divided into six equal parts; the income of one part to be applied so far as deemed proper by the trustees to the education and support of the testator's granddaughter, and the balance to be divided into two equal parts, one of which was to be paid to the plaintiff, the testator's son-in-law, in equal quarterly payments during his life. This annuity was payable out of the income from the trust fund alone. The Supreme Court held that these payments to the plaintiff were not property acquired by bequest, and were therefore taxable income. Under this decision it is clear that, where an annuity is payable only out of the income from a fund, so that it is in substance a gift of income, the payments are not acquired by bequest within the meaning of the Revenue Acts. Heiner v. Beatty (C. C. A.) 17 F.(2d) 743, affirmed 276 U. S. 598, 48 S. Ct. 319, 72 L. Ed. 723; W. R. Verner, Executor, v. United States, 62 Ct. Cl. 574.

But the will of the petitioner's testator expressly provides that her annuity is not payable solely out of income from the trust fund, and that, if such income is insufficient to meet the annual payments, the trustees must appropriate the corpus in order to effect full payment of the sum of $50,000. In Burnet v. Whitehouse, 283 U. S. 148, 51 S. Ct. 374, 75 L. Ed. 916, 73 A. L. R. 1534, it was held that, where an annuity is not payable solely out of the income from a fund, but is chargeable against the whole estate of the testator, payments under the annuity are received by bequest, and are not to be taken into account in computing the gross income of the annuitant. In the present case, it is true, the annuity is not chargeable against the whole estate, but only against the corpus of the trust fund. But this distinction does not affect the result, for in neither case is the annuity payable solely out of income, but is an

absolute gift of sums payable annually out of principal as well as income. Everett E. Kent v. Commissioner of Internal Revenue, 26 B. T. A. 482. Cf. Dobbins v. Commissioner of Internal Revenue (C. C. A.) 31 F.(2d) 935. Plainly, therefore, unless different principles are applicable because the widow elected to relinquish her dower in order to take under the will, the annual payments in the present case are received by way of bequest, and are not to be included in the petitioner's gross income.

In Warner v. Walsh, 15 F.(2d) 367, this court was called upon to determine whether the annuity payments received by the same annuitant under the same will for the years 1917 and 1918 should be included in her gross income returnable for those years. At the time of this decision, Burnet v. Whitehouse, 283 U. S. 148, 51 S. Ct. 374, 75 L. Ed. 916, 73 A. L. R. 1534, had not been decided, and Judge Mack, who wrote the opinion of the court, declined to decide whether the annuity payments were acquired by bequest, or whether Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 375, 69 L. Ed. 897, precluded them from being considered within the statutory exemption from gross income of property acquired by bequest. He based the decision upon section 4 of the Revenue Act of 1916 and section 213 (b) (2) of the Act of 1918 (40 Stat. 1065), which are similar to section 213 (b) (2) of the Revenue Act of 1926 (26 USCA § 954 (b) (2), and which exempt from gross income payments under a purchased annuity until its cost has been returned, and said that, since the widow relinquished her dower right in order to take under the will, she was in fact and legal effect a purchaser for value of the annuity. Since it was conceded that all annuity payments to the widow under the will made up to and including 1918 did not equal the purchase price, i. e., the value at the time of the testator's death of the widow's statutory right in his estate, Judge Mack concluded that the payments made in 1917 and 1918 should not be included in her gross income.

The Commissioner has computed the value of the petitioner's dower right under the laws of Connecticut, and has determined that prior to 1927 the petitioner had received annuity payments from the trustees in excess of that value. The petitioner does not contest this determination. The Commissioner now takes the position that, under the decision of this court in Warner v. Walsh, 15 F.(2d) 367, a widow who relinquishes a dower right in order to take under a will takes as a purchaser for value and not by bequest, and that conse-

quently payments made to a widow under a will are taxable to the extent that they exceed the value of her dower interest, under the provisions of section 213 (b) (2) of the Revenue Act of 1926 and similar provisions in the other revenue acts.

We think that the contention of the Commissioner cannot be sustained. If our decision in Warner v. Walsh, 15 F.(2d) 367, is to be regarded as having held that a widow who takes under a will by relinquishing her statutory rights is a purchaser for value and can claim the benefit of section 213 (b) (2), nevertheless the court in that case expressly refrained from deciding that a widow's annuity under a will chargeable against the corpus as well as the income of a fund, is not a bequest within the meaning of section 213 (b) (3). It is true that, in other connections, it has often been said that a widow who relinquishes her dower takes under her husband's will as a purchaser. The right of dower is a present interest of the widow in her husband's estate, and is generally not subject to the claims of his creditors. It would therefore be highly inequitable to hold that, where a widow has elected to take under a will, and it is later found that the estate is insufficient to meet all claims of creditors and satisfy all legacies in full, the widow's legacy should abate rateably with other legacies, for the estate has already been increased by the widow's relinquishment of her right to dower therein. Consequently, cases holding that the widow's legacy does not abate rateably with those of other legatees, or that the widow takes pari passu with the creditors up to the value of her dower interest, frequently state as a reason for their conclusion that the widow takes as a purchaser, rather than gratuitously or as a volunteer. Cf. Burridge v. Bradyl, 1 Pere Wms. 127; Williamson v. Williamson, 6 Paige (N. Y.) 298, at page 305; Lord v. Lord, 23 Conn. 327. These statements do not necessarily mean that there is any contract of exchange between the husband and the wife; the former bargaining the provisions of the will against the wife's relinquishment of dower. Their true intendment is merely that, since the wife has augmented the estate by surrendering her dower, it is equitable that her share in lieu thereof should be preferred to other legacies. But it does not follow that the widow's share under the will is not taken by bequest, at least to the extent that her share under the will exceeds the value of her right of dower. A testator's provision for his widow in lieu of dower is simply a gift conditional upon her giving up the dower. The condition attached to the gift may indeed operate or be intended as an inducement to her to relinquish her statutory rights. But, to the extent that her share under the will exceeds her rights as widow, she clearly accepts the bounty of the testator, and gives nothing in consideration therefor by way of purchase.

We are not here concerned with whether an annuity payable solely out of the income of a trust fund, which, under the rule of Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 475, 69 L. Ed. 897, would not be property acquired by bequest, may nevertheless be exempt from inclusion in the gross income of the annuitant under section 213 (b) (2) of the Act of 1926 (26 USCA § 954 (b) (2), because taken by the annuitant in lieu of her right of dower. Undoubtedly under the theory of our decision in Warner v. Walsh, 15 F.(2d) 367, such an annuity would be exempt until the value of the dower had been returned. See, also, United States v. Bolster (C. C. A.) 26 F.(2d) 760, 59 A. L. R. 491; Allen v. Brandeis (C. C. A.) 29 F.(2d) 363. Cf. Atkins v. Commissioner of Internal Revenue (C. C. A.) 63 F.(2d) 88. But it may be forcefully argued that, since a widow who elects to take her dower right must undoubtedly return any income accruing to her from property acquired under the dower right, she must likewise return income from her equitable estate in a trust fund acquired in lieu of dower. Cf. Title Guarantee Loan & Trust Co. v. Commissioner of Internal Revenue (C. C. A.) 63 F.(2d) 621; People ex rel. Kight v. Lynch, 255 N. Y. 323, 174 N. E. 696. Nor, it would seem, would a mere severance of her right to income from any interest in the corpus render such income nontaxable. See Irwin v. Gavit, 268 U. S. 161, at page 167, 45 S. Ct. 475, 69 L. Ed. 897.

Nor do we need to decide whether an annuity chargeable against both corpus and income of a fund, and, therefore exempt from taxation because a bequest under Burnet v. Whitehouse, 283 U. S. 148, 51 S. Ct. 374, 75 L. Ed. 916, 73 A. L. R. 1534, would lose its right to exemption as a bequest, because taken in lieu of dower, up to the value of the dower right. It has been said that, while "bequest" ordinarily signifies a gift of personal property by will, it is not confined to gratuities. See United States v. Merriam, 263 U. S. 179, at page 184, 44 S. Ct. 69, 68 L. Ed. 240, 29 A. L. R. 1547; Rearm v. Bowers (C. C. A.) 22 F.(2d) 465, at page 467; Orton v. Orton, 3 Keyes (*42 N. Y.) 486; cf. Rose v. Grant (C. C. A.) 39 F.(2d) 338. Furthermore, it has been held, in cases involving computation of federal estate taxes, that, where

a widow relinquishes her dower rights, the relinquishment relates back to the time of the testator's death, and that therefore the rights the estate obtains by virtue of the relinquishment constitute an interest of the testator at the time of his death subject to distribution as part of his estate. Schuette v. Bowers (C. C. A.) 40 F.(2d) 208; Title Guarantee & Trust Co. v. Edwards (D. C.) 290 F. 617. Under these decisions, it may well be argued that a widow, once she has relinquished her statutory rights, is an object of the testator's bounty to the full extent of any benefits she derives under the will. Cf. Julia Butterworth v. Commissioner of Internal Revenue (C. C. A.) 63 F.(2d) 944. If this is so, the result in Warner v. Walsh (C. C. A.) 15 F.(2d) 367, was correct even if section 213 (b) (2) was not applicable.

■ However these related questions may ultimately be determined, we now hold only that, where a widow receives in lieu of dower an annuity chargeable against the corpus of a fund as well as against the income from it, annuity payments received after the value of the dower interest has been returned to her are property acquired by bequest, and need not be returned as part of the annuitant's gross income. Accordingly the order of the Board of Tax Appeals is reversed, and the deficiencies fixed in the petitioner's income taxes for the years 1927 and 1928 are annulled.

Order reversed.