4

Circuit Court of Appeals, Second Circuit.
July 6, 1936.

Lester S. Holmes, of New York City, for appellant.

Robert H. Jackson, Asst. Atty. Gen., Sewall Key and Morton K. Rothschild, Sp. Assts. to the Atty. Gen., for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The question on this appeal is whether annual profits received from certain real estate are to be charged against the taxpayer as income. Robert Hoe died seised of realty, and leaving a will which made no provision for his wife's dower. His devisees, wishing to manage the property jointly, formed a company, the taxpayer, to which they conveyed their interests; and, since they had to bar their mother in order to make a good title, they caused the company to agree with her, in consideration of the release of her dower consummate, to pay her "annually for and during the period of her natural life, an amount * * * equal to one-third share * * *

of the net annual income received annually by the corporation from the several plots * * * as long as the corporation shall continue to remain the owner." If any plot was sold, the company promised to pay "a gross sum in lieu of her dower * * * to be estimated according to the then value of an annuity" at 5 per cent. reckoned by annuity tables. The taxpayer's theory is that this agreement diverts one-third of the profits as they are received from the land directly to the widow; more strictly than she retained an interest in the land, whose profits therefore become her income as they accrue. The Commissioner ruled that the income was the taxpayer's, and that the payments could not be taken as deductions, but might be used only as part of the "basis" in the calculation of gain or loss, when the land was sold.

Perhaps an agreement between the devisees and the widow, which preceded that of the company, may have been in effect an admeasurement of her dower, as the taxpayer argues, but, if so, it is irrelevant, unless from this it followed that she retained some interest in the lands. That she certainly did not do; the promise was not to pay her one-third of the profits in kind, to say nothing of giving her any right in the land itself; it was general and created a general obligation; had the company lost the money, even after the utmost diligence to keep it, it would still have been liable; payment and payment alone would be a discharge. The profits therefore belong to the taxpayer, though they measure its performance to the last cent; for good or ill the parties meant the widow to part with all interest in the land and its usufruct; she was to be content with the promise alone.

Helvering v. Butterworth, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365, does not touch this situation at all. It did hold that a widow who accepted a provision in the will in lieu of dower was not a purchaser, but a beneficiary of the estate. No doubt a testator making such a will means that the release of her dower shall be in exchange for whatever he gives his wife, but he by no means intends that it shall be merely a quid pro quo, for the bequest or devise may have no relation whatever to the value of the dower. Warner v. Commissioner, 66 F. (2d) 403, 406 (C.C.A. 2). The relation of the company to the widow in this case was not that; it was an exchange and only an exchange, as is shown by the exact corre-

spondence of the considerations. Indeed, that is the strength of the argument, so far as it has any, that the transaction was not intended to create only an obligation but was 'a reservation to the widow of some jus in re. Besides, by no stretch can she be treated as the beneficiary of an estate, whether there was a sale or not.

Order affirmed.

## SIX–WAY CORPORATION v. McCURDY & CO., Inc.*

### No. 283.

Circuit Court of Appeals, Second Circuit.

July 6, 1936.

Pennie, Davis, Marvin & Edmonds, of New York City (George E. Middleton and Samuel R. Gerstein, both of New York City, of counsel), for defendant-appellant.

Charles W. Parker and Max D. Farmer, both of Buffalo, N. Y., for complainant-appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is a suit for infringement of United States patent No. 1,890,358, issued to Edward J. Barcalo and now belonging to the complainant. The invention relates to a pillow or cushion adapted to provide a comfortable support or rest for the back, head, or other portion of a person while in recumbent or more or less sitting position, and also to provide a pillow having means which prevent objectionable deformation of the pillow when in use.

The specification states that the pillow preferably comprises a sack of flexible woven or other suitable fabric containing an elastic filling which may be made of hair, cotton, or other soft or more or less pliable material adapted to form a comfortable cushioned support for the head, shoulders, or other portion of the body of a person.

The novelty of the invention chiefly relied on seems to be its shape which is described thus: "The pillow is made of triangular or substantially triangular shape in longitudinal cross section, having opposite substantially triangular ends * * * and three connected sides * * * extending between and connecting the corresponding edges of the triangular ends. Preferably, the triangular ends of the case are of substantially the shape shown, each having three different or unequal angles, of which the angle 16 is a slightly obtuse angle, and the other two angles 17 and 18 are acute angles of different degrees. It is believed that the best practical results are obtained by making the pillow with substantially the angles indicated in the diagrammatic Figures 3–8, and with the sides 13, 14 and 15 approximately 11, 14 and 18 inches in width respectively."

The specification also provides for a stay consisting of a tape or cord extending through the filling of the pillow and attached to buttons externally which may be shortened or lengthened so as more or less to compress the filling and to resist outward spreading or bulging of the ends under weight or pressure on the pillow, to prevent deformation, and to make

*Writ of certiorari denied 57 S. Ct. 122, 81 L. Ed. ——.