FIDELITY & DEPOSIT COMPANY, Respondent, vs. MADSON, imp., Appellant.

*April 1—June 11, 1930.*

For the appellant there was a brief by *Farr & MacLeod* of Eau Claire, and oral argument by *Arthur W. MacLeod*. *F. V. McManamy* of Eau Claire, for the respondent.

FRITZ, J. This motion does not necessarily involve any question as to the authority of an attorney of record to execute a satisfaction of a judgment, or to cause the issuance of process in execution thereof, or to accept service of notices after judgment, or to settle a bill of exceptions, or otherwise to continue after judgment as attorney of record

in litigation, in the subject matter of which he has acquired a pecuniary interest. In this action Madson sought no recovery or affirmative relief. There was no property or contemplated recovery in which his attorney had acquired or was to acquire any interest. No judgment was rendered in Madson's favor, the collection, satisfaction, or enforcement of which on his behalf necessitated the rendition of further legal services by McManamy. The question is merely whether, under the existing circumstances, Madson has the right, with or without cause, to discharge his attorney of record at any time, without first fully compensating him.

In 6 Corp. Jur. p. 676, it is said:

"The law is well settled that a client has the right to discharge his attorney at any time either with or without cause. . . . The relation between attorney and client is such that the client is justified in seeking to dissolve that relation whenever he ceases to have absolute confidence in either the integrity, the judgment, or the capacity of the attorney. Such applications are ordinarily allowed as a matter of course, unless it appears that some good reason exists which justifies the court in refusing to make the order. The client himself, however, must desire the change. . . . This right of discharge exists even though . . . the attorney has rendered valuable services under his employment, or the client is indebted to him therefor, or for moneys advanced in the prosecution or defense of the action. There is an exception, however, where the attorney has acquired an interest in the property."

Although the quoted statements are not confined to the rights of a defendant who desires to discharge his attorney, the principles stated are applicable, at least, to a defendant and his attorney, under the circumstances existing in the matter at bar.

In *Hooker v. Brandon*, 75 Wis. 8, 17, 43 N. W. 741, this court said:

"We think, upon authority and principle, an employment to defend an action pending in a trial court does not, under ordinary circumstances, authorize such attorney to take an

appeal to a higher court from the judgment rendered against his client. Public policy and the rights of litigants require that their attorneys in such case, especially where they have easy access to their clients, should first consult their wishes upon the question of taking an appeal from the judgment rendered against them in the trial court, before incurring further expenses in such litigation. Any other rule would authorize an overconfident attorney to inflict unnecessary costs upon his client in a case where the client was entirely satisfied to abide the judgment of the trial court." See, also, *Berthold v. Fox,* 21 Minn. 53; *Sandall v. Sandall,* 57 Utah, 150, 193 Pac. 1093, 15 A. L. R. 621.

Although McManamy had no authority to take an appeal on behalf of Madson against his expressed directions, and Madson had an absolute right, without McManamy's consent, to discharge him and thus terminate his further appearance in the action, there remains the question of whether an order of substitution is necessary when a defendant changes attorneys on taking an appeal. In some of the earlier New York cases it was held that an appellant has a right to retain a new solicitor to prosecute an appeal without an order of substitution. *McLaren v. Charrier,* 5 Paige (N. Y.) 530; *Pratt v. Allen,* 19 How. Pr. (N. Y.) 450, 456. Additional cases on the subject are cited in support of statements to the same effect in 6 Corp. Jur. p. 678, §§ 196, 197. The latter section is in part as follows:

"Although there are decisions apparently to the contrary, it seems to be the general rule that an appeal from a judgment is such a new proceeding as to authorize the appearance of a new attorney without formal substitution. A *scire facias* is a new action, and requires a new warrant of attorney; so that, if an attorney different from the one in the original suit issues it, a rule and notice to change the attorney are not necessary."

However, in order to avoid unnecessary uncertainty, so that all concerned will know definitely who is the authorized attorney of every party to an action, the safe and orderly

conduct of litigation is certainly facilitated by making the fact of substitution a matter of record, by formal order, whether the substitution is made with or without the consent of the prior attorney. The propriety of such a formal order is pointedly demonstrated in this case. Because of the controversy between Madson and McManamy, the latter's attempted. appeal, and Farr & MacLeod's appeal in the name of Madson, and the resulting confusion and uncertainty on the part of plaintiff's attorneys, they are naturally in doubt as to who is authorized to act as Madson's attorney in the settlement of a bill of exceptions and in matters of service of the printed case and briefs. Ordinarily such an order is entered with the consent of the retiring counsel. As a matter of comity and good practice, such consent should be freely granted when clients are legally entitled thereto, and existing rights of the retiring attorney are not legally prejudiced thereby, or can be preserved. by appropriate phraseology.

For the reasons stated, Madson's motion for an order for the substitution of attorneys will be granted.

*By the Court.*—Ordered that Farr & MacLeod be substituted as attorneys for Nels Madson in place of F. V. McManamy.