THE PEOPLE OF THE STATE OF NEW YORK ex rel. FLOR-
ENCE C. KIGHT, Respondent, *v.* THOMAS M. LYNCH
et al., Constituting the STATE TAX COMMISSION,
Appellants.

(Argued December 2, 1930; decided January 6, 1931.)

*Hamilton Ward, Attorney-General (Henry S. Manley* of
counsel), for appellants. Annuities and similar periodic
payments should not be exempt from personal income
taxation. (*Merchants L. & T. Co.* v. *Smietanka,* 255 U. S.
509; *Irwin* v. *Gavit,* 268 U. S. 161; *Jones* v. *Commrs. of
Inland Revenue,* [1920] 1 K. B. 711.) Relator's accept-
ance of the testamentary provision in lieu of dower is an
election rather than a purchase. (*Irwin* v. *Gavit,* 268
U. S. 161.)

*Richard E. Enright* for respondent. The Tax Com-
mission in denying relator's claim for refund was in error.
(*New York Trust Co.* v. *Eisner,* 256 U. S. 345; *Allen* v.
*Brandeis,* 29 Fed. Rep. [2d] 363; *United States* v. *Bolster,*
26 Fed. Rep. [2d] 760; *Warner* v. *Walsh,* 15 Fed. Rep. [2d]
367.) Relator electing to take under the will in lieu of

dower, acquired the legal status of a purchaser for value. (*Isenthart* v. *Brown*, 1 Edw. Ch. 413; *Hathaway* v. *Hathaway*, 37 Hun, 266; *Flynn* v. *McDermott*, 183 N. Y. 62.)

CRANE, J. Alonzo B. Kight died in August, 1923, leaving a last will and testament, wherein he devised and bequeathed to executors his property in trust, both real and personal, to collect the income therefrom and pay it over as follows:

" 1. To my wife, Florence C. Kight, ⅛ of the net income from such property for and during her natural life dating from the date of my death and paid to her as often as may be convenient from and after the date of my death, and at least as often, as possible, as once in each three months."

" Paragraph 6. The provisions in this Will in favor of my wife are in lieu of dower and all other claims against my Estate."

The widow elected to take under the will, which constituted a waiver of her dower right, provided by law. Thereafter for the years of 1926 and 1927, she included in her income tax return for those years the income received from the trustees under this provision of her husband's will. She later made application for a refund, claiming the tax on this income was erroneously paid and illegally collected. The Tax Commission denied her application. The Appellate Division, upon certiorari, reversed this determination and held that the income was exempt from tax.

The Tax Law (Cons. Laws, ch. 60), section 365, provides that the tax on incomes shall apply to estates and trusts " which tax shall be levied, collected and paid annually upon and with respect to the income of estates or of any kind of property held in trust, including:
" * * * d. Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, * * *." This tax shall not be paid by the

fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable year. (§ 365, subd. 4.) Certain items are exempt from taxation, and are enumerated in section 359 (subd. 2); they include:

" a. The proceeds of life insurance policies and contracts paid upon the death of the insured to individual beneficiaries or to the estate of the insured.

" b. The amount received by the insured as a return of premium or premiums paid by him under life insurance, endowment or annuity contracts, either during the term or at the maturity of the term mentioned in the contract or upon surrender of the contract.

" c. The value of property acquired by gift, bequest, devise or descent (but the income from such property shall be included in gross income)."

These exemptions of our State Income Tax Law are identical with the provisions of the Federal Revenue Act, or Income Tax Law (Revenue Act 1916, § 4; Revenue Act 1918, § 213 [b], 1, 2, 3, which, for convenience, will be found in United States Statutes at Large, vol. 39, part 1, p. 758, and United States Statutes at Large, vol. 40, part 1, p. 1065). The United States Circuit Courts have held this class of income exempt under the Federal Revenue Act, treating the widow's election as the purchase with her dower of an annuity, non-taxable, until the income therefrom shall equal the amount or value of the principal payment, namely, the dower interest. (*Warner* v. *Walsh*, 15 Fed. Rep. [2d] 367 [2d Circuit]; *United States* v. *Bolster*, 26 Fed. Rep. [2d] 760 [1st Circuit]; *Allen* v. *Brandeis*, 29 Fed. Rep. [2d] 363 [8th Circuit]; Internal Revenue Cumulative Bulletin, VIII-2, p. 141, I. T. 2480.) The Appellate Division followed these decisions, stating that practical reason suggests that there should not be contradictory rules relating to the same income. We also share this feeling, but are disinclined to adopt this conclusion for the

State of New York in the absence of any final construction of the statute by the United States Supreme Court. There may be a side of this question not presented to, or considered by these Circuit Courts, which we shall state and which leads us under our dower statutes to a different ruling.

A widow shall be endowed of the third part of all lands whereof her husband was seized of an estate of inheritance at any time during the marriage. (Real Prop. Law; Cons. Laws, ch. 50, art. 6, § 190.) Article 14 of the Real Property Law provides the procedure for admeasuring dower. If practicable, a distinct parcel constituting the one-third part of the real property of the deceased husband is to be admeasured and laid off by permanent monuments, of which the widow is to be possessed during her natural life, subject to the payment of all taxes, assessments and other charges accruing thereupon, after she takes possession. If it be not practicable to admeasure and lay off a distinct parcel of the property, then the widow shall have one-third of the rental value of the real property paid to her annually during her natural life. (Real Prop. Law, §§ 472, 476.) However, the widow may desire to take a gross sum instead of rents, and section 480 gives her this privilege. She may consent in writing to accept a gross sum in full satisfaction and discharge of her dower right in the real property, and upon filing this consent, the value of her life interest is thereupon to be ascertained and paid to her.

Assuming that Mrs. Kight, in this case, had elected to take her dower instead of under the will, what would be her position and right as well as obligation under the Income Tax Law? If she took a specific piece of real property, which was laid off and admeasured to her, the rents or income from this property would be income, not payments as part of her principal, and would have to be included in the tax return as taxable income. The same ruling would apply if Mrs. Kight received one-third

of the rental value of the real property annually and for life. These rents would not change their nature from income to principal simply because they were paid to a widow as dower. So, likewise, if she elected to take a gross sum, as the value of her dower life interest, the income from the investment of this money would still be income taxable under the law. In a word, the income which a widow receives on her dower interest, whichever way she takes it, is income taxable under the law, and not a capital payment in any sense.

What does the widow do, therefore, when she elects to take an income provision from a trust under the will of her late husband? She gives up one taxable income for another income, be it more or less. By what process of reasoning does her election of the substitute income relieve her from the duty to pay a tax or turn the selected income into a capital payment or a purchased annuity? As a fact, and not as a fiction, the income from one-third of the deceased's real estate, constituting dower, is the same income in nature, perhaps also in amount, as the income from one-third of that estate held in trust for her. This being so, we do not see any reason for exempting from taxation one income and not the other. The Tax Law creates no such exemption.

Neither is it accurate to say that the widow, in giving up her dower, purchases an income or an annuity from the estate. She purchases nothing; she makes an election allowed by law. (Real Prop. Law, § 200.) The estate does not sell, neither does she buy. The statement in *Flynn* v. *McDermott* (183 N. Y. 62), that " a bequest in lieu of dower, and the acceptance of same, amounts to a matter of contract and purchase," means in its application that as dower precedes legacies so should her election. The paragraph is not relevant here. When she makes her election she knows, or is presumed to know, that the income which she considers taking under the will is taxable. She does not have to take it; she may

reject it; but in considering her election, she is presumed to know that by section 365 of the Tax Law a tax is paid annually on income from any kind of property held in trust, and is to be paid by the beneficiary.

Another consideration moves us. The inchoate right of dower, as heretofore existing, has been abolished, with certain exceptions, and the widow is given, in the absence of a will, one-half or one-third of the estate outright. A will cannot deprive her of this portion which the law provides for her, but in case of a will, she now has numerous elections. (Laws of 1929, ch. 229, amending the Decedent Estate Law, the Surrogate's Court Act, the Real Property Law, the Civil Practice Act, and the Personal Property Law, generally, in relation to decedents' estates, taking effect September 1, 1930.) Surely, every election made by a widow under this law would not metamorphose income into principal.

That the income from this trust estate is not exempt as a gift or bequest, see *Irwin* v. *Gavit* (268 U. S. 161), which strongly indicates that income remains income, under the Federal Income Tax Act, until it clearly appears to be a return of a capital payment, or the payment of a bequest in installments. The same thought follows in *Jones* v. *Commrs. of Inland Revenue* ([1920] 1 K. B. p. 711).

The order of the Appellate Division should be reversed, and the determination of the State Tax Commission confirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.