STATE OF NORTH CAROLINA Ex Rel. A. J. MAXWELL, Commissioner of Revenue, v. D. C. WADDELL, Jr.

(Filed 15 December, 1937.)

**1. Taxation § 29—Liability of income of trust estates to taxation.**

The successive Revenue Acts show the clear intent of the Legislature, in the general plan of taxing all incomes, to tax incomes from trust estates to the trustee if such income is not distributable during the tax year, and to the beneficiary, if distributed or distributable during the tax year.

**2. Same—Rents received by beneficiary under terms of will is taxable income and not bequest deductible from net income.**

The will in this case devised a certain building to defendant for life in trust for the payment of an annuity to a designated beneficiary, with provision that all income from the building in excess of the annuity should belong to the defendant, with limitation over to another trustee upon defendant's death. Defendant paid inheritance taxes apportioned and assessed against his interest in the building. Defendant contended that the income accruing to him personally from the building was a bequest within the meaning of sec. 301 (2) (c), ch. 4, Public Laws of 1923, and was therefore deductible from his gross income in determining his net taxable income, until he should receive therefrom an amount equal to the value of the building apportioned to him on which he paid inheritance tax. *Held:* Bequests referred to in the statute include bequests of the *corpus* and not income derived from the property devised, and defendant, although having paid inheritance taxes on the value of his equitable interest in the *corpus* of the property devised, is subject to income taxes on the income received by him from the property.

**3. Taxation § 28—**

The right to receive rents from property devised in trust creates an equitable interest in the beneficiaries in the *corpus* of the property, and inheritance taxes are properly apportioned among them in accordance with their respective interests. therein.

CLARKSON, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Spears, J.,* at Chambers of WAKE.

Application for revision of income taxes assessed and to direct refund on income taxes alleged to have been improperly levied and collected.

An agreed statement of facts was submitted to the court substantially as follows:

1. Leila J. Waddell, wife of Duncan Cameron Waddell, defendant herein, died on or about 1 December, 1924, leaving a last will and testament. In Item V of the will she bequeathed to Gabrielle DeRossett Waddell an annuity of $1,000 for and during her natural life, to be paid from the income derived from the Paragon Building in the city of Asheville, North Carolina, which annuity was made a first charge on such income.

Item VI reads: "I give, devise and bequeath all the rest, residue and remainder of the estate, real, personal and mixed, and wheresoever situate, to my husband, Duncan Cameron Waddell, in fee, except that certain property in the city of Asheville, . . . known as the Paragon Building, . . . and I give and bequeath said Paragon Building to said Duncan Cameron Waddell, in trust to handle, manage, control and improve in such way as to him may seem desirable, and to collect all income therefrom, and out of said income he shall pay to Gabrielle DeRossett Waddell the annuity herein given in Item V hereof, and all income derived from said property, not required to pay said annuity, shall be and become the personal property of the said Duncan Cameron Waddell."

Item VII. "After the death of my husband . . . I give and bequeath the said Paragon Building property aforesaid . . . to the Wachovia Bank & Trust Company of Winston-Salem in trust to be held by it . . ." for purposes not involved in this controversy.

2. After the death of the testatrix the Paragon Building was appraised for inheritance tax purposes at $175,000. The value of Waddell's interest, as apportioned by the commissioner and being held subject to inheritance taxes, was $106,116 of the $175,000 valuation, on which amount inheritance taxes were assessed against Waddell individually as beneficiary, and the total amount of such taxes were duly paid by him to the Commissioner of Revenue.

3. Thereafter, for the years 1925 to 1935, both inclusive, the Commissioner of Revenue annually assessed against the defendant income taxes on all the net rents collected by him from the said Paragon Building, which income taxes defendant paid under protest and made due demand each year upon the said Commissioner for a revision and resettlement of same and a refund of the additional amount so paid.

The amount of the income taxes in controversy is not in dispute. Upon refusal of the Commissioner of Revenue to refund the income taxes the defendant claims were illegally collected from him, exceptions were duly entered and an appeal was duly taken to the State Board of Assessment, in accordance with sec. 7880 (156) of the Consolidated Statutes. The board denied the appeal, to which ruling the defendant duly excepted and appealed to the Superior Court of Wake County. The Superior Court held as a matter of law that the net rents collected by the defendant from the Paragon Building for the years in question are subject to income taxes, were properly assessed by the plaintiff, and were legally due by defendant, and that the defendant is not entitled to have same refunded to him.

From judgment in accordance therewith, defendant appealed to the Supreme Court, and assigned error.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Bruton for the State.*
*Alfred S. Barnard and Jas. I. Mason for defendant, appellant.*

WINBORNE, J. · Upon the agreed facts of this case, are the net rents received by the defendant from the Paragon Building taxable income within the meaning of the Revenue Act of 1923, and subsequent years? The answer is, Yes.

The question of law here presented has not heretofore been considered by this Court. Therefore, that the question may be clearly considered, it is appropriate to analyze pertinent sections of the Income Tax Schedule of the Revenue Act, ch. 4, Public Laws 1923, which were effective at the beginning of the tax years involved here.

Thus we find: The general purpose of the act is to impose a tax for the use of the State government upon and with respect to the net income as therein defined, of each resident, individual or corporation, of the State, and upon the income earned within the State of every nonresident individual or corporation having a business or agency in the State for the calendar year 1923 collectible in the year 1924, and similarly for subsequent years. Secs. 104 and 200. The tax is likewise "imposed upon resident fiduciaries, . . . which shall be levied, collected and paid annually with respect to: (a) That part of the net income of estates and trusts which has not become distributable during the income tax year. . . ." Sec. 205. Then, too, "Every individual taxable under this act who is a beneficiary of an estate or trust shall include in his gross income the distributable share of the net income of the estate or trust, received by him or distributable to him during the income year." Sec. 302. "Net income" means "the gross income of taxpayer less the deductions allowed by this act." Sec. 300. "The words 'net income' mean the gross income of a taxpayer from . . . rents . . . and income derived from any source whatever." Sec. 301 (1). "The words 'gross income' do not include the following items, which shall be exempt from taxation under this act: (c) The value of property acquired by gift, bequest, devise or descent (but the income from such property shall be included in gross income)." Sec. 301 (2).

The purpose and intent of the Legislature is manifest. The language is understandable and needs no judicial interpretation. It is clear that the Legislature intended, in the general plan of taxing all incomes, to tax incomes from trust estates: (1) To the trustee, if not distributable during the tax year; (2) to the beneficiary, if distributed or distributable during the tax year.

In the present case the effect of the will is to devise the Paragon Building to D. C. Waddell, Jr., trustee, in trust to collect the rents, and,

after paying to another a stipulated sum annually, the net rents therefrom are distributable to D. C. Waddell, Jr., individually, annually for life, with remainder over.

The defendant contends, however, that the *income* to him from the Paragon Building is a bequest within the meaning of sec. 301 (2) (c), ch. 4, Public Laws 1923, and that until he shall have received therefrom an amount equal to the value of the Paragon Building apportioned to him on which he paid inheritance tax, any amount received by him therefrom is not income, but a part of the gift.

The same question and contention, upon similar state of facts, and under like statute, has been presented to and decided by the Supreme Court of the United States. The Federal act contains a provision in the exact language of sec. 301 (2) (c), ch. 4, Public Laws 1923.

The case of *Irwin v. Gavit,* 268 U. S., 161, 69 L. Ed., 879, 45 S. Ct., 475, decided 27 April, 1925, is fully in point, and is decisive of the instant case. Under the will there involved the residue of the estate was left in trust, and a portion of the income therefrom was directed to be paid to Gavit during his life, subject to be cut off by certain prescribed conditions. The contention was made by the defendant and the court below held that the gift to Gavit was a bequest and not taxable under that provision of subsection B of sec. 2 of the Federal Income Tax Act of 1913, ch. 16, which prescribed that "the value of property acquired by gift, bequest, devise or descent" is not to be included in net income, but only the income derived from such property is subject to such tax. *Justice Holmes,* after quoting from sections of the Federal Income Tax Act of 1913, said: "The language quoted leaves no doubt in our minds that if a fund were given to trustees for A. for life with remainder over, the income received by the trustees and paid over to A. would be income of A. under the statute. It seems to us hardly less clear that even if there were a specific provision that A. should have no interest in the *corpus,* the payments would be income none the less, within the meaning of the statute and the Constitution, and by popular speech. In the first case it is true that the bequest might be said to be of the *corpus* for life, in the second it might be said to be of the income. But we think that the provision of the act that exempts bequests assumes the gift of a *corpus* and contrasts it with the income arising from it, but was not intended to exempt income properly so-called simply because of a severance between it and the principal fund. No such conclusion can be drawn from *Eisner v. Macomber,* 252 U. S., 189, 206, 207. The money was income in the hands of the trustees and we know of nothing in the law that prevented its being paid and received as income by the donee. The courts below went on the ground that the gift to plaintiff was a bequest and carried no interest in the *corpus* of the fund. We

do not regard those considerations as conclusive, as we have said, but if it were material a gift of the income of a fund ordinarily is treated by equity as creating an interest in the fund. Apart from technicalities, we can perceive no distinction relevant to the question before us between a gift of the fund for life and a gift of the income from it. The fund is appropriated to the production of the same result whichever form the gift takes."

The appellate courts of New York, considering a statute in the exact language of sec. 301 (2) (c), ch. 4, Public Laws 1923, have followed the decision of the United States Supreme Court.

In the case of *People ex rel. Knight v. Lynch,* 255 N. Y., 323, 174 N. E., 696, testator had devised and bequeathed all of his property, both real and personal, to the executors in trust to collect the rents therefrom and to pay over one-third of the net income from such property to his wife for and during the term of her natural life, in at least quarterly payments. She contended that the payments were not income. The Court of Appeals of New York, speaking to the question, said: "In a word, the income which a widow receives on her dower interest, which-ever way she takes it, is income taxable under the law, and not a capital payment in any sense. . . . That the income from this trust estate is not exempt as a gift or bequest, see *Irwin v. Gavit,* 268 U. S., 161, 45 S. Ct., 475, 69 L. Ed., 897."

Again, more pertinent to the instant case is *White v. Gilchrist,* 211 N. Y. S., 746, where a beneficiary receiving income from property devised in trust, contested liability for income tax thereon. After citing and quoting *Irwin v. Gavit, supra,* the New York Court said: "We think that, under the holding of the Supreme Court, the claim of the petitioner herein cannot be sustained, namely, that as to her the annual payments constituted a 'legacy' not subject to income tax under that provision of the law . . . which excludes from gross income the value of property acquired by . . . bequest. . . . The sum in-volved is thus income to the estate. . . . Moreover, the mere fact that the intangible interest of petitioner was described as an 'annuity' and its capitalized value was fixed for inheritance tax purposes in 1911, the tax upon which was paid by the petitioner, does not make these annual payments exempt from income tax. This worked no real change in the character of the payments, and the State is not estopped."

In support of his contention that the income to him is a bequest within the meaning of the act, defendant relies upon *Burnett v. Logan,* 283 U. S., 404, and *Burnett v. Whitehouse,* 283 U. S., 148, 75 L. Ed., 918. These cases are distinguishable from and are not applicable to the facts in the instant case. In the *Logan case, supra,* the transaction was the sale of stock. Part of the consideration was to be paid annually

thereafter. The question related to profit—which was realizable only after the value of the stock had been paid. The *Whitehouse case, supra,* provided for an annuity of $5,000 to the defendant. Authority was given to the executors to retain personal property to provide for the payment. *Justice McReynolds,* writing the opinion, said: "As held below, the bequest to Mrs. Whitehouse was not to be paid from income, but of a sum certain, payable at all events during each year so long as she should live. . . . *Irwin v. Gavit* is not applicable. The bequest to Gavit was to be paid out of income from a definite fund. If that yielded nothing, he got nothing. This Court concluded that the gift was of money to be derived from income and to be paid and received as income by the donee. Here the gift did not depend upon income, but was a charge upon the whole estate during the life of the legatee to be satisfied like an ordinary bequest."

While the question of inheritance tax is not now before the Court, it is appropriate to refer to the section of the Inheritance Tax Schedule AA, ch. 4, Public Laws 1923, under which that tax was assessed.

Sec. 11 in part provides: "If the legacy or devise subject to the tax be given to a beneficiary for life, . . . with remainder to take effect upon the termination of the life estate, . . . the tax on the whole amount shall be due and payable as in other cases, and the tax shall be apportioned between such life tenant and the remainderman, such apportionment to be made by computation based upon the mortuary and annuity tables set out in sections 1790 and 1791 of the Consolidated Statutes, and upon the basis of 6 per cent of the gross value of the estate for the period of the expectancy of the life tenant in determining the value of the respective interests."

The value of the legacy was the value of the Paragon Building, and for inheritance tax purposes that value was apportioned among the legatees in accordance with their respective interest in the legacy.

The right to receive the rents from the building vested in defendant an interest—an equitable interest—in the *corpus* of the legacy. *Irwin v. Gavit, supra; Brown v. Fletcher,* 235 U. S., 589, 59 L. Ed., 374; *Blair v. Comrs.,* 300 U. S., 5, 81 L. Ed., 265.

The judgment below is
Affirmed.

CLARKSON, J., took no part in the consideration or decision of this case.