## BOSLEY ET AL. *v.* DORSEY
[No. 198, October Term, 1947.]

230

*Decided July 20, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*Edwin M. Sturtevant* and *Clarence W. Miles,* with whom was *G. Kenneth Reiblich* on the brief, for Consolidated Gas, Electric Light & Power Co.

*Charles D. Harris, Special Counsel,* for the Public Service Commission.

*Philip H. Dorsey, Jr.,* for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

The issue in this case is whether the People's Counsel has the statutory privilege to appeal from an order of the Public Service Commission of Maryland.

Philip H. Dorsey, Jr., People's Counsel, filed the bill of complaint in the Circuit Court of Baltimore City against Charles B. Bosley, Arthur H. Brice and Thomas Elmo Jones, constituting the Commission, and Consolidated Gas, Electric Light and Power Company. He alleged that in November, 1945, the Commission found the fair value of defendant company's property for rate-making purposes to be $148,376,143, and ordered the income to be calculated on a unified rate base, rather than a separate rate base for each of the three lines of utility business, gas, electric light, and steam for heating purposes. Appeals from that order were heard jointly by the Circuit Court; but, on motion of the Commission, the Court remanded the testimony, and the Commission reopened the investigation. In November, 1946, the Commission announced that it would revise the rates in the light of changed conditions, which had produced a decrease in earnings from gas and an increase in earnings from electric operations, but that it would not relinquish calculation on a unified rate base. On December 30, 1946, the Commission found the fair value of the company's property to be $145,243,978, and approved increases in gas rates to amount to $2,500,000, and ordered the company to submit revised electric rate schedules for domestic and commercial use and industrial power sufficient to reduce the charges to the extent of $3,650,000. The company submitted revised schedules and the People's Counsel protested against them. He claimed that the electric rate for industries is the lowest on the Atlantic seaboard, while the gas rate will greatly increase the combined cost of gas and electric services to hundreds of thousands of domestic and commercial consumers. Nevertheless, the Commission on January 28, 1947, approved the schedules. The People's Counsel asked the Court to set aside the order of December 30, 1946, and direct the Commission to find a separate rate base for each of the three lines of utility business. He claimed that the order deprives the consumers of due process of law and equal protection of the laws.

The Commission and the company demurred to the bill on the ground that the People's Counsel has no right under the statute to appeal from an order of the Commission. The Court overruled the demurrers, and from that order defendants appealed to this Court.

The Public Service Commission Law provides: "Any company, corporation, association, person or partnership subject to any of the provisions of this sub-title, or other person or party in interest, shall have the right to proceed in the courts to vacate, set aside or have modified any order of said Commission on the grounds that such order is unreasonable or unlawful, as hereinafter more particularly set forth." Laws of 1910, ch. 180, sec. 11, Laws of 1927, ch. 354, Code 1939, art. 23, sec. 359.

The statute further provides: "Any corporation subject to this sub-title, or any of the provisions of this sub-title, and any person in interest being dissatisfied with any order of the commission, fixing any rate or rates, tolls, charges, schedules, joint rate or rates, or any order fixing any regulations, practices, acts or service, may commence any action in the Circuit Court for any county, or before any Judge of the Supreme Bench of Baltimore City, in any Court of Baltimore City of appropriate jurisdiction which may be adopted for the purpose, against the commission as defendant to vacate and set aside any such order on the ground that the rate or rates, tolls, charges, schedules, joint rate or rates, fixed in such order is unlawful, or that any such regulation, practice, act or service fixed in such order is unreasonable, in which action a copy of the complaint shall be served with the summons." Laws of 1910, ch. 180, sec. 43, Code 1939, art. 23, sec. 415.

The inquiry in this case, therefore, is whether the People's Counsel is a "person in interest" within the contemplation of the statute. It is elementary that a complainant, in order to sustain his bill in equity, must show an interest in the subject matter and a right to institute the suit. If such interest and right to sue are not shown by the bill itself, the bill is demurrable. *Sellman v. Sell-*

*man,* 63 Md. 520, 522. Ordinarily an attorney is not a party to a suit in which he merely acts in a professional capacity in representing a litigant. *Pressman v. Elgin,* 187 Md. 446, 50 A. 2d 560, 169 A. L. R. 646. It is generally accepted that an attorney retained to prosecute or defend an action has no implied authority to prosecute an appeal from a judgment or decree affecting the interests of his client. *National Park Bank of New York v. Lanahan,* 60 Md. 477, 515; *Tobler v. Nevitt,* 45 Colo. 231, 100 P. 416, 132 Am. St. Rep. 142, 180, 23 L. R. A., N. S., 702, 16 Ann. Cas. 925; *Fidelity & Deposit Co. v. Madson,* 201 Wis. 609, 231 N. W. 170, 70 A. L. R. 832; *Union Bank & Trust Co. v. Penwell,* 99 Mont. 255, 42 P. 2d 457. In this case the People's Counsel does not contend that he is injuriously affected by the order of the Commission. He claims that he has the right to appeal as an agent for the persons affected.

The original Act of the Legislature, approved by Governor Crothers in 1910, did not make provision for a People's Counsel. It authorized the Governor, upon the recommendation of the Commission, to appoint a General Counsel to the Commission, and provided that the assistant or assistants appointed by the General Counsel should perform such duties as he might prescribe. Laws of 1910, ch. 180, secs. 2, 6. In 1912 the Legislature increased the duties of the General Counsel. The Act required the General Counsel, whenever directed by the Commission (1) to participate in the preparation or reforming of the pleadings before the Commission or investigation of facts or evidence upon which an application, complaint or protest is or may be based, and (2) to appear before the Commission on behalf of the public or in defense of the public interests. Laws of 1912, ch. 563. After the approval of this Act by Governor Goldsborough April 11, 1912, Wm. Cabell Bruce, General Counsel, delegated Albert C. Ritchie, his assistant, to appear before the Commission on behalf of the people. Thereafter Mr. Bruce called Mr. Ritchie the "People's Counsel," (Report of Public Service Commission for 1913, 537, 538)

although the Legislature had not yet given that title to the office.

In 1921 the Maryland Reorganization Commission found that the Department of Law was the legal adviser of all State departments except the Public Service Commission, which had needed its own counsel because of the specialized character of its legal work; but since many of the questions concerning the Commission's jurisdiction and powers had been settled by judicial decisions, it recommended to Governor Ritchie and the members of the Legislature (1) that the office of General Counsel to the Public Service Commission be dispensed with, and its duties be taken over by the Department of Law, and (2) that the People's Counsel be appointed by the Governor. Plan of Md. Reorganization Commission, 43, 44. The bill to reorganize the State Government was introduced in the Legislature at its 1922 session; but, in recognition of Mr. Bruce's valued services as General Counsel from the time of the establishment of the Commission, the Legislature declined to abolish the office at that session, although it abolished the office of Assistant General Counsel and transferred all of the functions of that office to the People's Counsel, to be appointed by the Governor. Laws of 1922, ch. 29, art. 13. Mr. Bruce resigned his position in August, 1922, and the Legislature at its next session abolished the office of General Counsel and directed the Attorney General to act as the legal adviser of the Public Service Commission. Laws of 1924, ch. 534. That arrangement, however, remained in effect only three years, for in 1927 the office of General Counsel was restored. Thus, under the existing law, the General Counsel is appointed by the Governor upon the recommendation of the Commission. Laws of 1927, ch. 201, Code 1939, art. 23, sec. 347.

In *Gregg v. Public Service Commission,* 121 Md. 1, 32, 87 A. 1111, 1114, the first test of the Public Service Commission Law, the Court of Appeals held that, while the statute did not use the word "appeal" in connection with the right to challenge an order of the Commission,

236

the rights of any parties aggrieved by any action of the Commission were fully safeguarded by the provision that any corporation subject to the statute and "any person in interest being dissatisfied with any order" may commence a suit against the Commission. Appeals from an order of the Commission may be taken either by a regulated public utility or by any individuals or corporations having an interest adversely affected by the order. *Public Service Commission v. Byron,* 153 Md. 464, 471, 138 A. 404.

It is conceded that at no time from 1912 to 1922 did the Assistant General Counsel have the privilege to appeal from orders of the Commission. But complainant earnestly contended that the statute gives him the right to appeal by implication. He argued that the People's Counsel is not a subordinate of the General Counsel, as was the Assistant General Counsel, but is an appointee of the Governor and an agent for the customers of the utilities with no allegiance to the Commission. We cannot, however, brush aside the fact that the Legislature, in transferring the functions of Assistant General Counsel to People's Counsel, laid down for the People's Counsel the same duties which were performed by the Assistant General Counsel. Under the State Reorganization Act, which took effect January 1, 1923, the office of Assistant General Counsel was abolished, and the Governor of Maryland was authorized to appoint the People's Counsel. The Act provided that all the rights, powers and duties which had been conferred upon the Assistant General Counsel "shall be transferred to and thereafter be exercised and performed by said people's counsel, who shall be the lawful successor of said Assistant General Counsel." Laws of 1922, ch. 29, art. 13.

While the Public Service Commission Law makes it the duty of the People's Counsel to appear before the Commission on behalf of the public or in defense of the public interests (Laws of 1912, ch. 563, Laws of 1924, ch. 534, Laws of 1927, ch. 201, Code 1939, art. 23, sec. 353), it does not authorize him to prosecute appeals from

orders of the Commission. It is also significant that Section 353, after providing that the services of the experts employed by the Commission and also its records and other facilities shall be availed of by the People's Counsel in the performance of his public duties, further provides that nothing contained therein shall prevent "any party or interest" in any proceeding before the Commission from appearing in person or from being represented by counsel. As the People's Counsel is himself an attorney required to appear before the Commission, this proviso strongly indicates that the Legislature did not consider him as a "party or interest."

The court below accepted the contention that the People's Counsel has implied authority to appeal from orders of the Commission to make certain that the public will be protected. But there is no support for such implication. The cardinal rule of statutory construction is that the intention of the Legislature must be sought first in the words of the statute itself. Generally, a court is not at liberty to surmise a legislative intent contrary to the letter of the statute, or to indulge in the license of inserting or omitting words with the object of making the statute express an intent which is not evidenced in the original form. Where the language is unambiguous, the court has no power to evade it by forced and unreasonable construction in order to assert its own ideas of policy or morals. Interpolation of words, in order to make a statute include matters which the Legislature did not expressly include, invades the function of the Legislature. We have held that, even though a certain provision, which has been omitted from a statute, appears to be within the obvious plan or purpose of the statute, and to have been omitted by inadvertence, nevertheless the court is not at liberty to add to the language of the statute. *State Tax Commission v. Potomac Electric Power Co.,* 182 Md. 111, 116, 32 A. 2d 382; *Celanese Corporation of America v. Davis,* 186 Md. 463, 47 A. 2d 379; *Smith v. Higinbothom,* 187 Md. 115, 48 A. 2d 754; *Rogan v. Baltimore & Ohio R. Co.,* 188 Md. 44, 54, 52 A. 2d 261, 266.

The Public Service Commission, created to protect the interests of the public, is a body experienced in the regulation of public utilities and assisted by a staff of experts. While the People's Counsel has been authorized to represent the people before the Commission, this provision was made to assist the Commission in its function by seeing that the rights of the public are fully presented, since it is generally necessary to conduct an examination of witnesses at hearings before the Commission, when the public service corporations are represented by counsel. It is recognized that regulation of rates by a Public Service Commission is purely a legislative function. *Gregg v. Public Service Commission*, 121 Md. 1, 28, 87 A. 1111; *Chenoweth v. Public Service Commission*, 143 Md. 622, 626, 123 A. 77; *Home Telephone & Telegraph Co. v. City of Los Angeles*, 211 U. S. 265, 29 S. Ct. 50, 56, 53 L. Ed. 176. Orders of the Commission issued in the exercise of its statutory powers have the same force and effect as Acts of the Legislature, except where limited by the statute itself or some constitutional provision. *Public Service Commission v. United Railways & Electric Co.*, 155 Md. 572, 580, 142 A. 870. We find no reason why the People's Counsel must be given powers by implication to protect. the interests of the public. The statute requires the Commission to make an annual report to the Governor and the Legislature. This report must contain copies of all orders passed and issued by the Commission and any information which it may deem of value to the Legislature and the people of the State. Code 1939, art. 23, sec. 355. In addition, the Governor is authorized to remove any commissioner for inefficiency, neglect of duty, or misconduct in office. Code 1939, art. 23, sec. 347. Under this supervision by the Executive and the members of the General Assembly, the people of the State are afforded a check upon the Commission in the performance of its duties in protecting their interests.

The Commission declares that never since 1907, when the regulation of public utilities by State Commission was first established in this country, has any State authorized

a People's Counsel to appeal from Commission action. The Commission warns that if its experts were made available to the People's Counsel for the prosecution of appeals from its orders, the department would be a house divided against itself, as the experts would not know to whom to give their loyalty. Whether that be true or not, the fact remains that it has been the practice of the Commission to call upon the People's Counsel to support its orders, but the People's Counsel has never appealed from orders of the Commission. Our attention was called to one case, *Miles v. Public Service Commission*, 151 Md. 337, 135 A. 579, 49 A. L. R. 1470, in which the bill to review the order of the Commission was filed by the People's Counsel; but he objected to the order as a patron of the railway company, and on the day before the bill was filed his resignation as People's Counsel was announced by Governor Ritchie and it became effective thirty days later. Although administrative practice does not avail to overcome a statute so plain in its commands as to leave nothing for construction, yet, where such practice has been consistent and generally unchallenged, it will not be overturned except for very cogent reasons where the scope of the command is indefinite and doubtful. And just as established practice may shed light on the extent of power conveyed by general statutory language, so the absence of assertion of power by those who would presumably be alert to exercise it is equally significant in determining whether such power was actually conferred. *Federal Trade Commission v. Bunte Bros.*, 312 U. S. 349, 61 S. Ct. 580, 582, 85 L. Ed. 881.

Sections 359 and 415, which relate to appeals from orders of the Commission, stand today as they were written in the Act of 1910. While the Legislature made amendments to the Public Service Commission Law in 1922, 1924 and 1927, and could then have authorized the People's Counsel to take appeals from orders of the Commission, it is significant that it did not do so. On the contrary, an effort at the 1947 session of the Legislature to authorize the People's Counsel to appeal from

240

orders of the Commission was defeated. The bill was introduced in the Senate January 7, but was reported unfavorably February 26 by the Senate Committee on Judicial Proceedings and the unfavorable report was adopted. Senate Journal, 1947 Sess., 46, 1053. The rejection of the bill strengthens the conclusion that the Legislature has not intended that the People's Counsel shall appeal from orders of the Commission.

*Order reversed and bill of complaint dismissed, with costs.*