## MONTGOMERY COUNTY *v.* PUBLIC SERVICE COMMISSION, ET AL.

[No. 14, October Term, 1953 (Adv.).]

80

*Decided July 2, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*David Macdonald, County Attorney for Montgomery County,* with whom was *John W. Neumann, Assistant County Attorney,* on the brief, for appellant.

*Charles D. Harris, General Counsel, Public Service Commission,* for the Public Service Commission, appellee.

*Richard W. Emory,* with whom were *Venable, Baetjer and Howard,* and *Kelley and Smith,* on the brief, for the intervening defendants, appellees.

DELAPLAINE, J., delivered the opinion of the Court.

This proceeding originated in the Public Service Commission of Maryland on September 18, 1952, on a joint application of Washington Gas Light Company, a corporation organized under the laws of the United States and engaged in the sale of gas in the District of Columbia, and its Maryland subsidiaries, Washington Gas Light Company of Maryland, Inc., and Prince George's Gas Corporation.

The subsidiaries asked the Commission to approve their plans of liquidation and the transfer of all their assets, franchises and other rights to the parent company. The parent company asked for authority (1) to exercise the rights and privileges, including the right to install and acquire extensions, under the franchises transferred to it by the subsidiaries, and (2) to transport, distribute and sell gas within Montgomery and Prince George's Counties and the following cities, towns and villages: Chevy Chase—Section 4, Chevy Chase Village, Gaithersburg, Garrett Park, Kensington, Rockville, Somerset, Takoma Park, Bladensburg, Boulevard Heights, Brentwood, Capitol Heights, Cheverly, College Park, Colmar Manor, Cottage City, District Heights, Edmonston, Fairmont Heights, Forest Heights, Hyattsville, Landover Hills, Mt. Rainier, North Brentwood, Riverdale, Seat Pleasant and University Park.

Montgomery County, Maryland, a body corporate and politic, intervening in the proceeding, requested the Commission to define the scope and extent of the franchises. But on December 1, 1952, the Commission, finding the plans of liquidation and transfers "lawful, reasonable and proper and in the public interest," gave the approval prayed for without making any determination of the scope and extent of the franchises. The

Commission gave the following explanation of its procedure:

"The published notice of the application and of the hearing to be held thereon made no reference to any request for a determination by the Commission of the scope and extent of the franchises of any of the petitioners, and it is, therefore, the opinion of the Commission that it would not be proper in this proceeding for the Commission to pass upon that question which was not included in the original prayers in the petition filed with the Commission as aforesaid on September 18, 1952, and assigned for hearing on October 20, 1952, by an order which in direct terms conditioned the assignment of the hearing on the publication by the applicants of a copy of the order in newspapers published in Montgomery and Prince George's Counties, Maryland, showing the title of the proceeding and what it then involved, but making no reference to the question of determining the scope and extent of the franchises of any of the applicants. The Commission, therefore, will not make a determination of that question."

Montgomery County thereupon filed a bill of complaint against the Commission alleging that its order was unlawful and unreasonable and praying that it be set aside. The orders of the Public Service Commission must be lawful and reasonable, and are subject to review by the courts. The Public Service Commission Law of Maryland provides that any corporation, association, person or partnership subject to any of the provisions of the statute, or other person or party in interest, including the People's Counsel, shall have the right to proceed in the courts to vacate, set aside or have modified any order of the Commission on the grounds that such order is unreasonable or unlawful. Code 1951, art. 78, secs. 16 (d) and 74; *Bosley v. Dorsey*, 191 Md. 229, 233, 60 A. 2d 691.

Washington Gas Light Company and its two subsidiaries intervened in the case as defendants. These three corporations and the Commission demurred to the bill, alleging that the order did not grant a certificate of authority to the Washington Gas Light Company to operate in Montgomery County, but merely authorized it to exercise franchises transferred to it "within the scope of authority of such franchises." The Court passed an order on March 27, 1953 sustaining the demurrers.

The County then asked for leave to amend its bill for the purpose of presenting additional facts to establish that neither the Washington Gas Light Company nor either of its subsidiaries has the right to operate in the County without a franchise from the County Council. It was stated that the gas companies have had a long history, during which several mergers have taken place, and that in order to present all of the relevant facts it would be necessary to use the rules for discovery. However, on April 15, 1953, the Court, believing that the bill fully presented all questions that might be raised as to the lawfulness and reasonableness of the Commission's order, refused to grant leave to amend and dismissed the bill. From the order sustaining the demurrers and the order dismissing the bill, the County appealed to this Court.

Decisions of the Public Service Commission are *prima facie* correct. On any appeal from an order of the Commission, the burden of proof is upon the party seeking to set aside the order to show by clear and satisfactory evidence that it is unreasonable or unlawful. Code 1951, art. 78, sec. 78; *Public Service Commission v. Byron,* 153 Md. 464, 479, 138 A. 404; *Howard Sports Daily v. Public Service Commission,* 179 Md. 355, 364, 365, 18 A. 2d 210; *Bosley v. Quigley,* 189 Md. 493, 511, 56 A. 2d 835; *Hessey v. Capital Transit Co.,* 193 Md. 265, 270, 271, 66 A. 2d 787, 10 A. L. R. 2d 1114.

Moreover, as this Court said in *Electric Public Utilities Co. v. Public Service Commission,* 154 Md. 445, 454,

140 A. 840, while it is one of the most important functions of the Public Service Commission to prevent injury to the public in the clashing of private interests with the public good in the operation of public utilities, it is not the province of the Commission to insist that the public shall be benefited as a condition to a change of ownership, but its duty is to see that no such change shall be made as would work to the public detriment.

The County contended (1) that the Washington Gas Light Company, the foreign corporation, has no franchise to operate in the County; (2) that the Commission does not have the legal right to authorize the subsidiary corporations to transfer their assets to the parent company without the consent of the County Council; and (3) that under the public local law, originally enacted by the Maryland Legislature in 1910, Laws 1910, ch. 484, and amended in 1912, Laws 1912, chs. 109, 790, and codified in Montgomery County Code 1950, sec. 65-10, the Council is vested with authority to grant franchises to public utilities to use the highways of the County, and that no public utility has the right to install transmission lines on, above or below the surface of these highways until it obtains a franchise from the Council.

The public local law, on which the County relied, reads as follows:

"No franchise or right in relation to any highway, avenue, street, lane or alley, either on, above or below the surface of the same, shall be granted by the County Council until the following provisions shall have been complied with: (1) The application for such franchise or right shall be published by the applicant once a week for three successive weeks in two newspapers published in Montgomery County and having general circulation, setting forth the location, character and extent of the franchise sought; (2) upon the first publication of said notice it shall be the duty of the County Council

to make diligent inquiry as to the money value of the franchise or right asked to be granted, and the adequacy of the compensation proposed to be paid for it; (3) if any objection is made to the granting of the franchise asked by any person or persons interested therein, either as taxpayers or having property rights involved, and filed in writing with the Clerk of the Council, before the expiration of such notice, opportunity shall be granted and a time set for the hearing of such objections."

The County then cited the section of the Public Service Commission Law, Code (1951), art. 78, sec. 60, which commands that no gas corporation or electrical corporation shall begin construction, or exercise any right or privilege under any franchise granted after April 5, 1910, the date of passage of the Act creating the Public Service Commission, or make any extension of its lines, works or system, without first having obtained the permission and approval of the Commission. The County relied particularly on the following provision of Section 60: "Before such certificate shall be issued a certified copy of the charter of such corporation shall be filed in the office of the Commission, together with a verified statement of the president and secretary of the corporation, showing that it has received the required consent of the proper municipal authorities."

The Maryland cases on which the County principally relied was *Mayor and Council of Crisfield v. Public Service Commission*, 183 Md. 179, 36 A. 2d 705. In that case the Mayor and Council of Crisfield applied to the Commission for approval of its plan to construct a municipal electric light plant and to sell electric current. The Commission, before deciding whether to grant a certificate of authority, determined that the Eastern Shore Public Service Company had a perpetual franchise to operate in Crisfield. It made that determination because it was recognized that there should not be more than one electric light plant in Crisfield.

That case is quite different from the case before us. It is true that, although the scope or extent of a franchise is a judicial question, the Commission, in deciding whether or not to grant authority to operate in a certain area, has the implied or incidental power to determine what kind of franchise, if any, is held by the utility already in operation, and its decision is subject to judicial review. *Commissioners of Cambridge v. Eastern Shore Public Service Co.*, 192 Md. 333, 64 A. 2d 151. But in the instant case the public service corporations made no application under Section 60 for permission (1) to begin any new construction, or (2) to exercise any right or privilege under a new franchise, or (3) to make any extension of lines, works or system. The application was merely for transfer of assets under Section 64, which directs that no gas corporation or electrical corporation shall transfer its franchise, works or system without the consent of the Commission. We hold that the Commission may approve a transfer of assets under Section 64 without the consent of municipal authorities.

The County also cited *People ex rel. Village of Chateaugay v. Public Service Commission of New York*, 255 N. Y. 323, 174 N. E. 637, 640, wherein Chief Judge Cardozo said: "Under this statute a consent presently operative that the petitioner occupy the highway is a condition precedent to a certificate of approval. The existence of such a consent is a fact to be proved to the commission as much as any other fact conditioning its action." In that case, however, the application was for permission to construct an electric light plant and to exercise rights and privileges of a new franchise. The application was not for a transfer of assets. Thus the New York Court of Appeals was considering the section of the New York statute, a counterpart of Section 60 of the Maryland statute, that required the "consent of the proper municipal authorities."

The County contended that if the two Maryland subsidiary corporations transfer all their assets to Wash-

ington Gas Light Company, the franchises, under the Corporation Law of Maryland, Code 1951, art. 23, sec. 61, will be surrendered. Whether that be the result or not, the Commission's order now under attack makes no determination of the scope and extent of the franchises. Procedure before and by the Public Service Commission is governed largely by statute, and when the Legislature prescribes the procedure for proceedings before the Commission, that procedure must be followed. When the Commission acts in a capacity of at least quasi-judicial, it should act under rules of procedure provided either by the Legislature or by itself. *H. F. Wilcox Oil & Gas Co. v. State of Oklahoma*, 162 Okla. 89, 19 P. 2d 347, 86 A. L. R. 421. The details of procedure may be supplied by the Commission under its power to make such rules not inconsistent with the laws as are necessary for the exercise of the powers conferred upon it. Code 1951, art. 78, secs. 15, 84.

The challenged order was in accordance with a practice of long standing. The Commission informed the Court that the Washington Gas Light Company of Maryland, Inc., has been operating for many years without any objection from Montgomery County, and that the Commission approved transfers of its franchises in 1936 and 1946. The Commission, after hearing testimony of officers of the utilities, decided to approve the transfer of whatever rights the subsidiaries may have under their franchises without making any determination of the scope and extent of those franchises. Under the statute the Commission had the discretion to pass such an order. Section 64 provides that no gas corporation or electrical corporation shall transfer its franchise, works or system without the consent of the Commission, and that the permission and approval of the Commission to the transfer of a franchise shall not be construed to revive or validate any lapsed or invalid franchise or to enlarge or add to the powers and privileges contained in the grant of any franchise or to waive any forfeiture.

The Court below, in dismissing the bill, ordered that the dismissal was without any adjudication of any rights and privileges which the subsidiaries may have to transport, distribute and sell gas within the County, or which the Washington Gas Light Company may acquire upon liquidation of the subsidiaries, and was without prejudice to the County to question and litigate those questions.

As there is nothing in the bill and exhibits to show that the order of the Commission is unlawful or unreasonable, we will affirm the orders of the Court below sustaining the demurrers and dismissing the bill.

*Orders affirmed, with costs.*